UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES FOR AN
ORDER FOR DISCLOSURE OF
TELECOMMUNICATIONS RECORDS

TRACKING NO. 11US60044-C
HON. STEPHEN J. MURPHY, III

_____/

## APPLICATION

NOW COMES the United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney, and John N. O'Brien, Assistant United States Attorney, and pursuant to Title 18 United States Code, Section 2703(c) and (d), requests that this Honorable Court issue an Order requiring that:

Adelphia Communications, Adelphia Long Distance, Airlink Wireless, Airvoice Wireless, Allegiance Telecom of California, Inc., AllTel Communications, Alltel Georgia Communications Corp, AllTel Telephone Services, American Cellular, American Paging, Ameritech Michigan, Arch Communications, Arch Paging Communications, Arch Wireless, Astound, AT&T Broadband, AT&T Local Service, AT&T Long Distance, AT&T Wireless Services, Bay Star Communications, Bell South Telecommunications, Bittell Communications, Bluegrass Cellular, Bullseye Telecom, Cavalier Business Communications, Comcast Cable Communications, CCT Telecom, Cellco Partnership doing business as Verizon Wireless, Cellnet Communications, Cellular Information Systems of Florence, Cellular One, Cellular South, CelluPage, Central Telephone Company of Nevada doing business as Sprint of Nevada, Central Wireless Partnership doing business as Sprint PCS, Cincinnati Bell, Cingular Wireless, Comm South Companies, Commonwealth Communications, Competitive Communications, Inc., Comstat Mobile, Corecomm Limited Cox Communications, Cox Communications Arizona, Dobson Cellular, Crickett Communications, Inc., Cue Paging, DBS Communications, Dobson Communications, Duo County Telephone, Easton Telecomm Service, Edge Wireless LLC, Electric Lightwave, Embarq, Encompass Communications, Ernest Communications, Evans Telephone Company, Excel Communications, Excel Telecommunications, Focal Communications Corporation, Frontier: A Citizens Communications Company, Genesis Communications International, Global Crossing, GTE Paging, Granite Telecommunications, Hartington Telecommunications, Highland Telephone Co-op, ICG Communications, ICG Telecom Group, Iridium North America, ITC Deltacom, IXC Communications,

C

J.D. Services, KMC Telecom, Leap Wireless, Level 3 Communications, Inc., Long Distance Management, Long Distance of Michigan, MCI-Worldcom, MCI-Worldcom Wireless, Metrocall, Metro PCS, M Power Communications, Nationwide Paging, Navigator Telecommunications LLC, Network Telephone, Networkservices L.L.C., NII Communications, Inc., NSC Communications, O1 Communications, OCI Communications, Omega Services, LLC, One Communications, One Star Long Distance, Optel Texas, Inc., Pac West Telecommunications Incorporated, Pacific Bell, Paetec, Page Plus Communicatinos, Pagemart, Phonetec, Qwest Communications, RCN Communications, Revol, Roseville Telephone Company, Sage Telecom, SBC Ameritech, SBC California, SBC Communications, SBC Nevada Bell, SBC Pacific Bell, SBC Southwestern Bell, Seren Innovations, SkyTel Nationwide, Source One Wireless, Southwestern Bell, Southwestern Bell Wireless, Sprint-Nextel Corporation, Sprint Communications, Sprint Long Distance, Sprint Spectrum L.P., TCG America, Inc., TDS Metrocom, Inc., Telenet Worldwide, Telepacific Communications, Telescape Communications, Teligent, Time-Warner Cable, Time-Warner Telecom, Tracfone Wireless, Inc., Transtel, Trinsic Communications, T-Mobile USA Inc., T-Mobile/Omnipoint, US Cellular, US TelePacific Corp doing business as TelePacific Communications, Variatee Wireless, Verizon California, Verizon District of Columbia, Verizon Maryland, Verizon New England, Verizon New Jersey, Verizon New York, Verizon Northwest, Verizon Texas, VerizonWireless, Verizon Wireless Paging, Weblink Wireless, Virgin Mobile, VoiceStream Wireless, West Coast PCS LLC doing business as Sure West Wireless, Western Wireless Corporation, Wide Open West, Winstar Communications, WorldCom, XO Communications, Xspedius Communications (hereinafter the **telecommunication carriers**)

disclose and furnish the Federal Bureau of Investigation the transactional records described below which pertain to the following telephone numbers, hereafter referred to as "target telephone":

**(313) 412-6845**
**Metro PCS telephone number roaming on Sprint's cellular tower network**

The transactional records requested include:

A. All subscriber information and toll records including listed and unlisted numbers dialed or otherwise transmitted to and from target telephone from March 1, 2011 to March 7, 2011, including roaming tower call detail records with cell site information. In addition, the

2

listed providers are requested to disclose cell site information for the target telephone at call origination and at call termination for incoming and outgoing calls, upon oral or written request by agents of the Federal Bureau of Investigation.

B. Records, credit and billing records, can be reached numbers (CBR), custom calling features, and primary long distance carrier, and caller ID for the target telephone.

In support of this application, John N. O'Brien, Assistant United States Attorney states the following:

A. Applicant is an attorney for the government as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure and therefore, pursuant to Section 2703(c)(1) and 2703(d) of Title 18, United States Code, may apply for disclosure of telecommunications records.

B. Applicant certifies that based on information from Special Agent Vincente Ruiz of the Federal Bureau of Investigation there exists reasonable grounds to believe that the subscriber information and cell site information requested will be relevant and material to an ongoing criminal investigation. The facts supporting this conclusion include the following:

On April 6, 2011, officers from the Detroit Police Department arrested four individuals believed to be involved in a series of armed robberies of Radio Shack and T-Mobile stores in Detroit, Michigan.

On April 26, 2011, a cooperating defendant was interviewed about his involvement in those armed robberies and admitted he had a role in nine different robberies that started in December of 2010 and lasted through March of 2011 at Radio Shack and T-Mobile stores in Michigan and Ohio. The defendant further admitted that others involved with the armed robberies were not taken into custody when he was arrested. The core members were usually the same three individuals, but they regularly brought in others to assist as getaway drivers and look-

outs. The defendant identified 15 other individuals who had been involved in at least one of the nine robberies. Seven of those individuals had been involved in multiple armed robberies and three had been involved in at least five of the robberies. The defendant also stated that some of the individuals not in custody had been planning to rob more stores in Dayton, Ohio.

The cooperating defendant provided his cellular telephone number and identified numbers of some of the individuals involved. A review of the historical call detail records revealed other numbers that were contacted during and around the times of the robberies.

It is anticipated that the requested records will assist in identifying and locating the other individuals believed to be involved in the armed robberies.

Additionally, the requested telecommunications records should yield information that is relevant and material to corroborate surveillance information and may identify potential witnesses and/or targets. The requested information will therefore further the Federal Bureau of Investigation in their investigation and provide evidence that Timothy Sanders, Timothy Carpenter and other known and unknown individuals are violating provisions of Title 18, United States Code, §1951.

Applicant requests that the Court issue an Order pursuant to Title 18, United States Code, Section 2703(d) directing the **telecommunication carriers** to provide the requested records to agents of the Federal Bureau of Investigation.

Applicant further requests that this application and Order be sealed by the Court until such time as the Court directs otherwise, since disclosure at this time would seriously jeopardize the investigation, and that the Court order the **telecommunication carriers** their agents and employees not to disclose the existence of this Order or of this investigation to the subscriber, or to any other person unless otherwise directed by the Court.

4

Applicant further requests that this Court's Order apply not only to the telephone numbers listed above for the target telephone numbers, but also to any changed telephone number(s) subsequently assigned to an instrument bearing the same [ESN] [IMSI] [SIM] [IMEI] [MSID][MIN] as the target telephone numbers, or any changed [ESN] [IMSI] [SIM] [IMEI] [MSID][MIN] subsequently assigned to the same telephone numbers as the target telephone numbers, or any additional changed telephone number(s) and or [ESN] [IMSI] [SIM] [IMEI] [MSID][MIN] listed to the same subscriber and/or wireless telephone accounts as the target telephone numbers within the period authorized by this Order.

WHEREFORE, it is respectfully requested that the Court grant an Order directing the **telecommunication carriers** to (1) provide the requested records to agents of the Federal Bureau of Investigation; (2) not to disclose the existence of this Order or the investigation to the subscriber or customer or to any unauthorized person unless or until ordered or authorized to do so by the court; and (3) sealing this application and accompanying Order.

Respectfully submitted,

Barbara L. McQuade
United States Attorney

John N. O'Brien
Assistant U.S. Attorney

Dated: JUN - 7 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES FOR AN
ORDER FOR DISCLOSURE OF
TELECOMMUNICATIONS RECORDS

TRACKING NO. 11US60044-C
HON. STEPHEN J. MURPHY, III

_____/

ORDER

This matter, having come before the court pursuant to an application under Title 18, United States Code, Section 2703(d) by John N. O'Brien, an attorney for the Government, requesting the production of certain telecommunications records; the court finds that the applicant has certified and demonstrated to the Court that there are reasonable grounds to believe that the information sought is relevant and material to a legitimate law enforcement investigation into possible violations of Title 18, United States Code, §1951.

IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d), that

Adelphia Communications, Adelphia Long Distance, Airlink Wireless, Airvoice Wireless, Allegiance Telecom of California, Inc., AllTel Communications, Alltel Georgia Communications Corp, AllTel Telephone Services, American Cellular, American Paging, Ameritech Michigan, Arch Communications, Arch Paging Communications, Arch Wireless, Astound, AT&T Broadband, AT&T Local Service, AT&T Long Distance, AT&T Wireless Services, Bay Star Communications, Bell South Telecommunications, Bittell Communications, Bluegrass Cellular, Bullseye Telecom, Cavalier Business Communications, Comcast Cable Communications, CCT Telecom, Cellco Partnership doing business as Verizon Wireless, Cellnet Communications, Cellular Information Systems of Florence, Cellular One, Cellular South, CelluPage, Central Telephone Company of Nevada doing business as Sprint of Nevada, Central Wireless Partnership doing business as Sprint PCS, Cincinnati Bell, Cingular Wireless, Comm South Companies, Commonwealth Communications, Competitive Communications, Inc., Comstat Mobile, Corecomm Limited Cox Communications, Cox Communications Arizona, Dobson Cellular, Crickett Communications, Inc., Cue Paging, DBS Communications, Dobson Communications, Duo County Telephone, Easton Telecomm Service, Edge Wireless LLC, Electric Lightwave, Embarq, Encompass

1

Communications, Ernest Communications, Evans Telephone Company, Excel Communications, Excel Telecommunications, Focal Communications Corporation, Frontier: A Citizens Communications Company, Genesis Communications International, Global Crossing, GTE Paging, Granite Telecommunications, Hartington Telecommunications, Highland Telephone Co-op, ICG Communications, ICG Telecom Group, Iridium North America, ITC Deltacom, IXC Communications, J.D. Services, KMC Telecom, Leap Wireless, Level 3 Communications, Inc., Long Distance Management, Long Distance of Michigan, MCI-Worldcom, MCI-Worldcom Wireless, Metrocall, Metro PCS, M Power Communications, Nationwide Paging, Navigator Telecommunications LLC, Network Telephone, Networkservices L.L.C., NII Communications, Inc., NSC Communications, O1 Communications, OCI Communications, Omega Services, LLC, One Communications, One Star Long Distance, Optel Texas, Inc., Pac West Telecommunications Incorporated, Pacific Bell, Paetec, Page Plus Communicatinos, Pagemart, Phonetec, Qwest Communications, RCN Communications, Revol, Roseville Telephone Company, Sage Telecom, SBC Ameritech, SBC California, SBC Communications, SBC Nevada Bell, SBC Pacific Bell, SBC Southwestern Bell, Seren Innovations, SkyTel Nationwide, Source One Wireless, Southwestern Bell, Southwestern Bell Wireless, Sprint-Nextel Corporation, Sprint Communications, Sprint Long Distance, Sprint Spectrum L.P., TCG America, Inc., TDS Metrocom, Inc., Telenet Worldwide, Telepacific Communications, Telescape Communications, Teligent, Time-Warner Cable, Time-Warner Telecom, Tracfone Wireless, Inc., Transtel, Trinsic Communications, T-Mobile USA Inc., T-Mobile/Omnipoint, US Cellular, US TelePacific Corp doing business as TelePacific Communications, Variatee Wireless, Verizon California, Verizon District of Columbia, Verizon Maryland, Verizon New England, Verizon New Jersey, Verizon New York, Verizon Northwest, Verizon Texas, VerizonWireless, Verizon Wireless Paging, Weblink Wireless, Virgin Mobile, VoiceStream Wireless, West Coast PCS LLC doing business as Sure West Wireless, Western Wireless Corporation, Wide Open West, Winstar Communications, WorldCom, XO Communications, Xspedius Communications (hereinafter the **telecommunication carriers**)

disclose and furnish the Federal Bureau of Investigationthe transactional records described below which pertain to the following telephone numbers, hereafter referred to as "target telephone":

**(313) 412-6845**

**Metro PCS telephone number roaming on Sprint's cellular tower network**

The transactional records requested include:

2

  A. All subscriber information and toll records including listed and unlisted numbers dialed or otherwise transmitted to and from target telephone from March 1, 2011 to March 7, 2011.

  B. Records, credit and billing records, can be reached numbers (CBR), custom calling features, and primary long distance carrier, and caller ID for the target telephone.

  IT IS FURTHER ORDERED pursuant to 18 U.S.C. Section 2703(c)(1)(B) and 2703(d), that the wireless carriers shall provide the locations of cell/site sector (physical addresses) for the target telephone at call origination and at call termination for incoming and outgoing calls during the relevant time period, including roaming tower call detail records with cell site information.

  IT IS FURTHER ORDERED that this application and Order be sealed by the Court until such time as the Court directs otherwise, since disclosure at this time would seriously jeopardize the investigation; and the Court orders that the **telecommunication carriers** their agents and employees not to disclose the existence of this Order or of this investigation to the subscriber, or to any other person unless otherwise directed by the Court.

  IT IS FURTHER ORDERED that this authorization applies not only to the telephone numbers listed above for the target telephone numbers, but also to any changed telephone number(s) subsequently assigned to an instrument bearing the same [ESN] [IMSI] [SIM] [IMEI] [MSID][MIN] as the target telephone numbers, or any changed [ESN] [IMSI] [SIM] [IMEI] [MSID][MIN] subsequently assigned to the same telephone numbers as the target telephone numbers, or any additional changed telephone number(s) and or [ESN] [IMSI] [SIM] [IMEI] [MSID][MIN] listed to the same subscriber and/or wireless telephone account as the target telephone numbers within the period authorized by this Order;

3

IT IS FURTHER ORDERED that the local, long distance and wireless carriers be compensated by the investigative agency for reasonable expenses incurred in providing technical assistance.

---------------------------------------
HONORABLE MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: 6/7/11

A True Copy
U. S. Attorney's Office
Eastern District of Michigan
By: _____
Paralegal Specialist

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES FOR AN
ORDER FOR DISCLOSURE OF
TELECOMMUNICATIONS RECORDS

TRACKING NO. 11US60044-C
HON. STEPHEN J. MURPHY, III

_____/

## ORDER TO SEAL

The Government having moved to seal certain documents and the Court being duly advised in the premises;

IT IS HEREBY ORDERED that said documents be sealed and maintained in a safe place and not be opened unless by further Order of this Court.

_____
HONORABLE MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: 6/7/11

A True Copy
U. S. Attorney's Office
Eastern District of Michigan
By _____
Paralegal Specialist

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In Re:   Sealed Matter                           Misc. No. 11-US-60044-A,B,C&H

                                                 Honorable Stephen J. Murphy, III

---

### MOTION AND ORDER TO UNSEAL THE APPLICATIONS OF THE UNITED STATES FOR AN ORDER FOR DISCLOSURE OF TELECOMMUNICATIONS RECORDS

---

THE UNITED STATES OF AMERICA respectfully requests that the Application of the United States for An Order for Disclosure of Telecommunications Records for tracking number 11-us-60044-A,B,C,& H only in this case be unsealed for the following reasons:

The underlying case is scheduled for trial on December 3, 2013 and the applications and orders are the subjects of motions in limine.

Respectfully submitted,

Barbara McQuade
United States Attorney

Kenneth R. Chadwell
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Kenneth.Chadwell@usdoj.gov
(313) 226-9698
P39121

IT IS SO ORDERED.

MONA K. MAJZOUB

Mona K. Majzoub
United States Magistrate Judge

Entered: DEC 0 2 2013