UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                            Criminal Case No. 12-20218

Timothy Ivory Carpenter D-4 and         Honorable Sean F. Cox
Timothy Michael Sanders D-11,

    Defendants.
_____/

## OPINION & ORDER

In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Timothy Carpenter ("Carpenter") and Timothy Sanders ("Sanders") are proceeding to trial. Defendants have filed the following two motions in limine that are contested by the Government: 1) a motion seeking to suppress cell phone data, as violative of the Fourth Amendment; and 2) a motion seeking to preclude Special Agent Christopher Hess from testifying as an expert witness at trial. As explained in greater detail below, the Court shall DENY both motions.

## BACKGROUND

In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Carpenter and Sanders are proceeding to trial.

   The Government does not contend that either Carpenter or Sanders entered the stores during the robberies. Rather, it contends that they "acted as lookouts, getaway drivers, planners

and the like." (Govt.'s Trial Br. at 2). One of the robberies occurred in Warren Ohio, while the other six robberies occurred in the Metropolitan Detroit area.

The robberies that will be at issue at trial are those charged in Counts One through Fourteen, which occurred during the time period from December 13, 2010 to December 1, 2012.

On May 2, 2011, and again on June 7, 2011, the Government applied for and obtained court orders under 18 U.S.C. § 2703 for toll records, call detail records, and cell/site section information for several different cell phone numbers, including (313) 579-8507 and (313) 412-6845. (*See* 6/7/11 Order signed by Judge Stephen Murphy, D.E. No. 196-2; 5/2/11 Order signed by Magistrate Judge Michaelson, D.E. No. 221-3). Those Orders state that the Government had "demonstrated to the Court that there are *reasonable grounds to believe* that the information sought is relevant and material to a legitimate law enforcement investigation into possible violations of Title 18, United States Code, § 1951." (*Id.* at 1) (emphasis added).

At trial, the Government intends to present evidence through F.B.I. Special Agent Christopher Hess that, on March 4, 2011, Sanders's cell phone, (313) 579-8507, was located in a geographic area consistent with the robbery charged in Count 7, which occurred in Warren, Ohio. It also intends to present evidence that Carpenter's cell phone, (313) 412-6845, was in various areas consistent with robberies charged in other Counts.

## ANALYSIS

**I.      Motion to Suppress Cell Phone Data:  D.E. 196 (With Joinder in D.E. 214)**

In this motion, Defendant Sanders asks the Court to suppress cell phone data for cell phone number (313) 579-8507 because the data was obtained in violation of the Fourth Amendment. He makes two arguments. First, he argues that the "reasonable grounds standard"

2

in the Stored Communications Act, 18 U.S.C. § 2703 *et seq*. ("the Act") is unconstitutional. Second, he argues that the Government did not present sufficient "reasonable grounds" information in order to obtain the order in any event.

Defendant Carpenter filed a "Notice of Joinder" (D.E. No. 214), wherein he stated that he "adopts and joins in Defendant [Sanders's] Motion in Limine To Suppress Cell Phone Data (R196)." In a supplement to that notice, he states that "[e]xcept for the difference in phone numbers referred to in the Order," the same analysis applies. (D.E. No. 216).

### A. Should The Data Be Suppressed Because The "Reasonable Grounds Standard" In The Act Unconstitutional?

The parties agree that, under the Act, the standard of proof required for the Court Orders at issue here is as follows:

> (d) Requirements for court order . . . A court order for disclosure . . . shall issue only if the governmental entity offers specific and articulable facts showing that there are *reasonable grounds to believe* that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation.

18 U.S.C. § 2703(d) (emphasis added).

Defendants argue that the reasonable grounds standard in the Act is unconstitutional because a cell phone user has a reasonable expectation of privacy in prolonged surveillance data and therefore a probable cause determination should be required. Defendants claim that the Sixth Circuit has not addressed this issue and that lower courts that have addressed the issue have been divided. They rely on: 1) *In re U.S. for Historical Cell Site Data*, 747 F.Supp.2d 827 (S.D. Tex. 2010), wherein the district court held that the warrantless seizure of cell cite records over a period of two months was unreasonable because the phone user has a reasonable expectation of privacy in prolonged surveillance information); and 2) *In re Application of U.S.*,

3

736 F.Supp.2d 578 (E.D. N.Y. 2010), wherein the district court also held that historical cell site data is protected by the Fourth Amendment. Those district court judges were influenced by case law holding that placing a G.P.S. tracking device on a vehicle requires a warrant.

Sanders's brief, filed on November 21, 2013, indicates that the appeal in *In re Application of U.S.* is still pending (*see* Sanders's Br. at 5), but that is not the case. On July 30, 2013, the Fifth Circuit issued its decision *reversing the lower court's ruling*.

In response to Defendants' motion, the Government notes that Defendants have not directed the Court to a single decision by any United States Court of Appeals, much less the Sixth Circuit, that supports their position. The Government directs the Court to *United States v. Skinner*, 690 F.3d 772 (6th Cir. 2012).[1] In that case, the authorities obtained court orders for subscriber information, cell cite information, G.P.S. real-time location, and "ping" data for cell phones. *Id*. at 776. In affirming the district court's ruling denying the defendant's motion to suppress, the Sixth Circuit held that there was "no Fourth Amendment violation because [the defendant] did not have a reasonable expectation of privacy in the data given off by his voluntarily procured pay-as-you-go cell phone." *Id*. at 777. The *Skinner* court reaffirmed there is no legitimate expectation of privacy in cell site data because the "'cell-site data is simply a proxy'" for the defendant's visually observable location, and a defendant has no legitimate expectation of privacy in his movements along public highways. *Id*. at 779 (quoting *United*

---

[1]The Government also contends that if Section 2703(d) were found unconstitutional in this case, the evidence should not be suppressed in any event because the agents relied in good faith on the Act in obtaining the evidence. (Govt.'s Br. at 5) (citing *United States v. Warshak*, 631 F.3d 266, 288-89 (6th Cir. 2010)). The Court agrees that this is an additional basis for denying the motion.

*States v. Forrest*, 355 F.3d 942, 951-52 (6th Cir. 2004)). The *Skinner* decision reflects that the Sixth Circuit views obtaining routine cell phone data quite differently than it does data obtained via a G.P.S. device being placed on a vehicle without a warrant:

> When criminals use modern technological devices to carry out criminal acts . . . they can hardly complain when the police take advantage of the inherent characteristics of those very devices to catch them. *This is not a case in which the government secretly placed a tracking device in someone's car.*

*Id.* at 774 (emphasis added).

This Court rejects Defendants' argument that the Act is unconstitutional.

### B. Did The Government Present Sufficient Reasonable Grounds?

In this motion, Defendants also make a secondary argument that the Government did not present sufficient reasonable grounds to obtain the orders in any event. (*See* Sanders's Br. at 2, asserting that, "upon information and belief," the order was "obtained in violation of the Act because 'reasonable grounds' were not presented to obtain the Order.").

In response, the Government contends it satisfied the applicable standard. (*See* Govt.'s Br. at 5-6). The Court agrees.

The Order that Sanders challenges is the one issued by Judge Murphy. The Application that requested that order (D.E. No. 221-2) set forth the factual basis for the Government's request and included, among other things, that: 1) there was an ongoing criminal investigation as to a series of armed robberies at Radio Shack and T-Mobile stores in Detroit, Michigan; 2) the Detroit Police Department has arrested four individuals believed to be involved in the robberies; 3) a cooperating defendant was interviewed, admitted his role as to nine robberies, identified others involved in the robberies, indicated they planned to do additional robberies, and provided his own cell phone number and those of others involved in the robberies; and 4) the cell site

records are needed to assist in identifying and locating the other persons involved in the robberies. The application that requested the order challenged by Carpenter is nearly identical. The Court finds that the Applications were supported by specific and articulable facts, and therefore meets the "diminished standard that applies to § 2703(d) applications." *United States v. Warshak*, 631 F.3d 266, 291 (6th Cir. 2010).

Accordingly, the Court shall deny this motion.

## II.     Motion To Exclude Lay And Expert Testimony:  D.E. 211 (Joinder In D.E. 215)

In this motion, filed by Carpenter and joined by Sanders, Defendants ask the Court to enter an order excluding expert testimony regarding the operation of cell towers (i.e., the testimony of Special Agent Hess). They ask the Court to do so on several grounds, which are addressed below.

### A.     Should The Court Exclude Hess's Report Because It Is Untimely, Unfairly Prejudicial, And Fails To Meet Rule 16 Requirements?

First, Defendants argue that the untimely production of Special Agent Hess's report is unfairly prejudicial and fails to meet the requirements of Fed. R. Crim. P. 16. (Def.'s Br. at 3). Carpenter asserts that he received the discovery which relates to the testimony of Hess "just three weeks before trial." He contends the tardiness of the report is prejudicial because the subject matter (cell-site analysis) is specialized information and the "last-minute disclosure by the Government leaves the Defendant without the tools to effectively cross-examine SA Hess." (*Id*. at 4). Carpenter also contends that Hess's report is deficient because it does sufficiently explain the bases and reasons for his opinions.

As the Government details in its Response Brief, Defense Counsel has been aware for *at least several months prior to trial* that the Government would seek to present an expert witness

in cell-site analysis at trial:

1) On April 15, 2013, the Government filed a Discovery Notice (D.E. No. 89) advising Carpenter that it "intends to introduce at trial testimony from one or more experts in the following areas of expertise: cell tower location analysis" and referencing evidence involving "telephone call records and location data." (*Id.*) (underlining in original);

2) On August 16, 3023, the Government filed an identical notice as to Sanders. (D.E. No. 150);

3) During a Status Conference on October 28, 2013, Defense Counsel stated that they needed Special Agent Hess's report in sufficient time that they could hire their own experts. The Court advised Defense Counsel of the recent case that Judge Borman had involving Hess, wherein another expert was called to rebut his testimony. On that same day, the Court ordered the Government to provide Defense Counsel with Hess's report no later than November 7, 2013.

4) Neither Defendant filed a motion seeking the report earlier or asking the Court to adjourn the trial date.

5) The Government contends that it met the Court's deadline for providing Hess's report; and

6) On November 22, 2013, Sanders submitted a witness list that identifies his own expert witness, Ryan J. Harmon. Carpenter joined in that witness list.

The Court rejects Defendants' timeliness and unfair prejudice argument based on timeliness arguments.

Defendants also contend that Hess's report does not provide sufficient information as to the bases and reasons for his opinions. That argument is also rejected. Hess's report contains a section titled, "Basic Principals [sic] Utilized In Record Analysis" that explains the underlying technology and how it works. Hess then applied those principles and opined that Defendants were in geographic areas consistent with certain robberies.

### B. Should The Court Preclude Hess's Proposed Expert Testimony Under Fed. R. Evid. 702 And *Daubert*?

Next, Defendants ask this Court to preclude the Government from calling Special Agent

7

Hess as an expert at trial, pursuant to Fed. R. Evid. 702 and *Daubert*, because his proposed testimony is not sufficiently reliable to qualify as expert testimony.

"District court judges must determine whether an expert's testimony is both relevant and reliable when ruling on its admission." *Clay v. Ford Motor Company*, 215 F.3d 663, 667 (6th Cir. 2000). A trial judge's determinations regarding the admissibility of expert testimony are guided by Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Rule 702 of the Federal Rules of Evidence governs testimony by experts and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under *Daubert,* the trial court acts as a "gatekeeper" that ensures that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert* sets forth a nonexclusive list of factors relevant to this inquiry: 1) whether the theory or technique can be or has been tested; 2) whether it has been subjected to peer review; 3) whether there is a known or potential rate of error; and 4) whether the theory or technique enjoys general acceptance in the relevant scientific community. *Daubert*, 509 U.S at 593-94. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that "the general gatekeeping obligation set forth in *Daubert*" "applies when considering all expert testimony, including testimony based on

technical and other specialized knowledge." *Clay v. Ford Motor Co.*, 215 F.3d at 667. "It further held that the specific *Daubert* factors – testing, peer review and publication, potential rate of error, and general acceptance in the relevant community – may be considered by the district court even when the proffered expert testimony is not scientific." *Id*. Whether these specific factors are reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine. *Id.*

"It is the proponent of the testimony that must establish its admissibility by a preponderance of proof." *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert,* 509 U.S. at 592 n.10)).

A district court is not obligated to hold a *Daubert* hearing (*see Clay v. Ford Motor Company*, 215 F.3d at 667; *Nelson*, 243 F.3d at 249) and this Court declines to do so here. A *Daubert* hearing is unnecessary in light of the full briefing of the issues by the parties and the materials submitted to date.

### 1. The Proposed Expert Testimony Is Relevant

Here, Defendants do not appear to dispute that Hess's proposed testimony is relevant. And even if they did, the Court concludes that his testimony is relevant.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Civ. P. 401.

The proposed expert testimony is that, during the relevant times during which certain robberies occurred, call activity from Defendants' cell phones place them in the general area of the stores where the robberies took place. Such testimony is relevant because it makes a fact of

consequence in determining the action (whether Defendants were physically present near the stores on the dates and times of the robberies) more probable than it would be without the evidence. Accordingly, the Court finds that Special Agent Hess's specialized knowledge will help the trier of fact to understand the evidence and to determine a fact in issue in this case. At trial, however, a proper foundation will have to be established regarding the cell phones at issue before Special Agent Hess can testify.

### 2. The Proposed Expert Testimony Is Sufficiently Reliable.

The Government's Brief indicates that Special Agent Hess has testified as an expert in cell site analysis in over 25 criminal trials, including four cases in this district. Indeed, Special Agent Hess recently testified as an expert witness in another criminal trial before this Court, *United States v. Reynolds*. *See United States v. Reynolds*, 2013 WL 2480684 (E.D. Mich. June 10, 2013).

In *Reynolds*, the defendant did not argue that Special Agent Hess is not qualified as an expert in the area of cell site analysis. Rather, he argued that cell site analysis should not be permitted because it is not sufficiently reliable because: 1) the testimony is based upon an unreliable methodology for the purpose for which it is offered; and 2) historical cell site analysis is inadmissible to establish a specific location. Both of those arguments were premised on the assumption that the Government was going to have Special Agent Hess testify using cell site analysis to opine that Defendant was present at a *specific location* on the relevant dates and times.

In this case, the Government only seeks to have Hess testify that Defendants' cell phones were in geographic areas "consistent with" the locations where the robberies occurred.

Testimony about cellular phone technology and the ability to determine the general area where calls are placed and received has been widely accepted by federal courts. *See e.g., United States v. Weathers*, 169 F.3d 336, 339 (6th Cir. 1999); *United States v. Schaffer*, 439 Fed. App'x 344, 347 (5th Cir. 2011); *United States v. Jones*, __ F.2d __, 2013 WL 246615 (D.D.C. 2013); *United States v. Benford*, 2010 WL 2346305 (N.D. Ind. 2010); *United States v. Allums*, 2009 WL 806748 (D. Utah 2009). This Court again concludes that Special Agent Hess's proposed testimony is the product of reliable principles and methods and he has reliably applied those principles and methods to the facts of this case.

Moreover, Defense Counsel have indicated that Defendants may call their own expert witness, to challenge the opinions of Special Agent Hess and provide opinion testimony regarding the locations of the cell phones at issue during the relevant time periods. The weight to be afforded any expert witness testimony presented at trial can be determined by the jury.

The Court shall therefore deny without prejudice Defendants' motion seeking to preclude the expert testimony of Special Agent Hess and shall rule that although Special Agent Hess's proposed testimony regarding cell site analysis is both relevant and reliable, that the Government must lay an appropriate foundation before Special Agent Hess may testify at trial.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion seeking to Suppress Cell Phone Data (D.E. Nos. 196 & 214) IS DENIED.

11

IT IS FURTHER ORDERED that the Court DENIES WITHOUT PREJUDICE Defendants' motion seeking to preclude the expert testimony of Special Agent Hess (D.E. Nos. 211 and 215) and RULES that although Special Agent Hess's proposed testimony regarding cell site analysis is both relevant and reliable, the Government must lay an appropriate foundation before Special Agent Hess may testify at trial.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: December 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 6, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy<br>
Case Manager