UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                    Criminal Case No. 12-20218

Timothy Ivory Carpenter D-4 and                       Honorable Sean F. Cox
Timothy Michael Sanders D-11,

      Defendants.

_____/

### OPINION & ORDER
### DENYING DEFENDANTS' MOTIONS FOR ACQUITTAL

In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Timothy Carpenter ("Carpenter") and Timothy Sanders ("Sanders") proceeded to trial. Upon the close of the Government's proofs, Carpenter and Sanders each filed a Motion for Judgment of Acquittal, brought pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The motions have been briefed by the parties and the Court heard limited oral argument on these motions on December 16, 2013. For the reasons set forth below, the Court shall DENY the motions.

### BACKGROUND

In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Carpenter and Sanders proceeded to a jury trial.

The Government did not contend that either Carpenter or Sanders entered the stores

1

during the robberies. Rather, it argued that they acted as lookouts, getaway drivers, planners and the like.  One of the robberies occurred in Warren Ohio, while the other six robberies occurred in the Metropolitan Detroit area.

Carpenter was charged with six counts of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (Counts One, Three, Seven, Nine, Eleven, Thirteen).  Carpenter was also charged with six counts of using or carrying a firearm during a federal crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two, Four, Eight, Ten, Twelve, and Fourteen).

Sanders was charged with two counts of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (Counts Five and Seven).  Sanders was also charged with two counts of using or carrying a firearm during a federal crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Six and Eight).

This case was originally assigned to the Honorable Lawrence P. Zatkoff.  The case was later re-assigned to this Court for trial.

Trial commenced on December 5, 2013.  At the close of the Government's proofs, Carpenter and Sanders each filed a Motion for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  (Docket Entry Nos. 235, 241 & 242).

In his Motion for Acquittal, Defendant Sanders makes the following arguments:  1) there is insufficient evidence to convict him under § 924(c) for aiding and abetting because, under the majority view, he must have facilitated or encouraged the principal's use of the gun; 2) there is insufficient evidence to convict him under § 924(c) for aiding and abetting even under the Sixth Circuit's standard because there is no evidence that Sanders knew a gun was going to be used in

either of the robberies he is charged with aiding and abetting; 3) there is insufficient evidence with respect to venue as to Counts Seven and Eight; 4) there is insufficient evidence to convict him on the 18 U.S.C. § 1951 charges; and 5) a challenge to Count Eight based on "insufficient evidence of a prior conviction."

In Defendant Carpenter's Motion for Acquittal he argues: 1) there is insufficient evidence to convict him under § 924(c) for aiding and abetting because, under the majority view, he must have facilitated or encouraged the principal's use of the gun; 2) as to Count II, there is no evidence to establish that he knew a gun would be involved in the robbery at issue; 3) there is insufficient evidence with respect to venue as to Counts Seven and Eight; and 4) there is insufficient evidence to convict him of any of the charges against him.

The Government filed its response to the motions on December 16, 2013. (Docket Entry No. 244). The Court heard limited oral argument from the parties on December 16, 2013.

On December 18, 2013, the jury returned its verdicts. The jury found Defendant Sanders guilty of Counts Five and Seven and not guilty as to Counts Six and Eight. The jury found Defendant Carpenter not guilty of Count Two and guilty as to all other counts against him.

Given the jury's verdict, finding Defendant Sanders not guilty as to both of the § 924 charges against him, his arguments challenging the § 924 charges are moot. In addition, Defendant Carpenter's challenges to Count Two are now moot.

**Standard Of Decision**

In considering a motion for judgment of acquittal under Fed. R. Crim. P. 29, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime beyond a reasonable

3

doubt. *United States v. Abner,* 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979). In doing so, the Court does not weight the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Id.*

The Sixth Circuit has explained that a defendant claiming insufficiency of the evidence "bears a very heavy burden." *Abner,* 35 F.3d at 253. On review, all evidence must be construed in a manner most favorable to the Government. Moreover, circumstantial evidence alone is sufficient to sustain a conviction. *Id.*

## ANALYSIS

### I.     What Is The Proper Standard For Convictions Under 18 U.S.C. § 924(c) For Aiding And Abetting?

Defendant Carpenter asserts that in order to prove that a defendant aided and abetted a violation under 18 U.S.C. § 924(c), it must be shown that the defendant performed an act to intentionally facilitate or encourage the principals's use of the firearm. He notes that the majority of circuits that have addressed this issue (the First, Second, Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits) have so ruled.

As he acknowledges, however, the Sixth Circuit is in the minority of circuits that do not require direct proof or facilitation or encouragement. *See United States v. Gardner*, 488 F.3d 700, 712 (6th Cir. 2007); *United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005). Rather, in the Sixth Circuit, the government is only required to prove that: 1) the defendant knew the principal was armed; and 2) the defendant "acted with the intent to assist or influence the commission of the underlying predicate crime." *Gardner*, 488 F.3d at 712.

Defendant Carpenter asserts that the majority view, and not the Sixth Circuit's view, is

the correct position.  He asserts that the Fourth Superceding Indictment is deficient as a matter of law under that majority view.

Defendant Carpenter raised this very same issue in a pretrial motion asking the Court to dismiss the firearms charges in the indictment.  Judge Zatkoff denied the motion in an Opinion & Order issued on October 21, 2013.  (Docket Entry No. 168).  In denying the motion, Judge Zatkoff explained that while the United States Supreme Court granted certiorari to resolve the circuit split on this issue, there was no governing United States Supreme Court law on the issue at that time and the Court was therefore bound by the current law of the Sixth Circuit.

The same holds true today.[1]  This Court must apply the current law of the Sixth Circuit.

## II.    Under The Sixth Circuit's Current Standard, Is There Sufficient Evidence To Convict Defendant Sanders Under 18 U.S.C. § 924(c) For Aiding And Abetting?

In *Gardner*, the Sixth Circuit explained as follows with respect to the evidence needed to sustain a conviction under § 924(c) for aiding and abetting:

> We have held that, to sustain a conviction under § 924(c) for aiding and abetting, the government must prove "that the defendant, as the accomplice, associated and participated in the use of the firearm in connection with the underlying . . . crime." *United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005) (citing *Rattigan v. United States,* 151 F.3d 551, 558 (6th Cir. 1998) (citations omitted).  *See also United States v. Morrow*, 977 F.2d 222, 231 (6th Cir. 1992).  The government can meet that burden by showing that the defendant both knew that the principal was armed and acted with the intent to assist or influence the commission of the underlying crime.  *Franklin*, 415 F.3d at 554-55.

*Gardner*, 388 F.3d at 712; *see also United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005) (Explaining the evidentiary burden needed to sustain a conviction under § 924(c) for aiding and abetting can be "satisfied if the accomplice knows that the principal is armed and acts

---

[1]The Supreme Court heard oral argument in *Rosemond v. United States*, wherein it will address this circuit split, on November 12, 2013.  It has not yet issued a decision.

5

with the intent to assist or influence the commission of the underlying predicate crime.").

In other words, the Government is correct when it contends that it has presented sufficient evidence to sustain convictions on the gun charges, under an aiding and abetting theory, if it has presented evidence that Carpenter and Sanders aided and abetted each robbery with which they are charged, knowing that the robbers were armed with firearms and that nothing more is currently required in this circuit. (*See* Gov't.'s Trial Br. at 3-4).

Defendant Carpenter was charged with six counts of using or carrying a firearm during a federal crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two, Four, Eight, Ten, Twelve, and Fourteen). All of those charges were under an aiding and abetting theory.

The jury found Carpenter not guilty as to Count Two, but guilty as to all other § 924 charges (Counts Four, Eight, Ten, Twelve, and Fourteen).

With respect to Count Four, the government is required to prove that: 1) Carpenter knew one of his accomplices possessed a gun in furtherance of the robbery at the T-Mobile store located at 14304 Gratiot in Detroit, Michigan on December 18, 2010; and 2) Carpenter "acted with the intent to assist or influence the commission of" that underlying robbery. Evidence as to Carpenter's participation in this robbery was presented through the testimony of Michael Green and Sedric Bell-Gill. According to their testimony at trial, Carpenter gave the "ok" for his accomplices to go into the store for the robbery and acted as a lookout along with Green. Carpenter also took the guns that were used in this robbery and dropped them off on Corbett Street. The government has therefore presented sufficient evidence to support a conviction on this count.

With respect to Count Eight, the government is required to prove that: 1) Carpenter knew

6

one of his accomplices possessed a gun in furtherance of the robbery at the Radio Shack store located at 2553 Parkman Road in Warren, Ohio on March 4, 2011; and 2) Carpenter "acted with the intent to assist or influence the commission of" that underlying robbery. Evidence as to Carpenter's participation in this robbery was presented through the testimony of Adriane Foster and Michael Green, in addition to video evidence. According to their trial testimony, this robbery was Carpenter's idea and Carpenter obtained the gun that was used in the robbery and gave it to his accomplice who went into the store for the robbery. Carpenter also acted as a lookout during this robbery. The government has therefore presented sufficient evidence to support a conviction on this count.

With respect to Count Ten, the government is required to prove that: 1) Carpenter knew one of his accomplices possessed a gun in furtherance of the robbery at the Radio Shack store located at 14501 Woodward Avenue in Highland Park, Michigan on April 5, 2011; and 2) Carpenter "acted with the intent to assist or influence the commission of" that underlying robbery. Evidence as to Carpenter's participation in this robbery was presented through the testimony of Adriane Foster and Timothy Jones. According to their trial testimony, Carpenter obtained the guns used to commit this robbery and planned the robbery. The government has therefore presented sufficient evidence to support a conviction on this count.

With respect to Count Twelve, the government is required to prove that: 1) Carpenter knew one of his accomplices possessed a gun in furtherance of the robbery at the T-Mobile store located at 3151 Jefferson Avenue in Detroit, Michigan on October 31, 2012; and 2) Carpenter "acted with the intent to assist or influence the commission of" that underlying robbery. Evidence as to Carpenter's participation in this robbery was presented through the testimony of

7

Adriane Foster and Sedric Bell-Gill. According to their trial testimony, Carpenter's own gun was used to commit this robbery and, after it was finished, Carpenter sold the stolen phones and divided up the money. The government has therefore presented sufficient evidence to support a conviction on this count.

With respect to Count Fourteen, the government is required to prove that: 1) Carpenter knew one of his accomplices possessed a gun in furtherance of the robbery at the Radio Shack store located at 15005 E. 8 Mile Road in Eastpointe, Michigan on December 1, 2012; and 2) Carpenter "acted with the intent to assist or influence the commission of" that underlying robbery. Evidence as to Carpenter's participation in this robbery was presented through the testimony of Jesse Dismukes, David Holland, Patrick Heard, and Adriane Foster. According to their trial testimony, Carpenter planned this robbery, gave guns to his accomplices to be used during this robbery, and told them where the phones would be located in the store. The government has therefore presented sufficient evidence to support a conviction on this count.

### III.   Is There Sufficient Evidence To Convict Defendants Under 18 U.S.C. § 1951 For Aiding And Abetting?

Although they do not make specific arguments as to the § 1951 charges against them, Defendants' motions contend that there is insufficient evidence to convict them of all charges, including the § 1951 charges.

Having considered Defendants' motions, and viewing the evidence presented in the light most favorable to the prosecution, the Court concludes that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt as to each of the § 1951 charges against Defendant Carpenter and Defendant Sanders.

8

## IV.    Venue Challenges As To Counts Seven And Eight

Both Defendants assert that venue is improper in this Court as to Counts Seven and Eight of the Fourth Superceding Indictment, which are based upon the robbery that occurred in Warren, Ohio.  Defendants contend that the Court should direct an acquittal as to Counts Seven and Eight because the government cannot meet its burden of establishing venue as to those two counts.

"The government bears the burden of proving by a preponderance of the evidence that venue was proper as to each count."  *United States v. Beddow*, 957 F.2d 1330, 1335 (6th Cir. 1992).  In this case, the jury was given the following jury instruction as to venue:

### VENUE

(1) Now, some of the events that you have heard about happened in other places. There is no requirement that the crime take place entirely within the Eastern District of Michigan because a crime may be prosecuted in any district in which the crime was begun, continued or completed.

For you to return a guilty verdict on Count Seven (pertaining to the Warren, Ohio robbery) the Government must convince you that the crime was begun, continued, or completed in Michigan.

(2) Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the crime charged in Count Seven took place in Michigan.

(3) Remember that all the other elements I have described must be proved beyond a reasonable doubt.

(4) If you find that the Government has established venue with respect to Count Seven by a preponderance of the evidence, then venue is also established as to Count Eight.

(5) If you find that the Government has not established venue with respect to Count Seven by a preponderance of the evidence, then you must render a not-guilty verdict as to Counts Seven and Eight.

9

(Jury Instructions at 22).

The evidence at trial presented by the Government to establish venue included that: 1) the Warren, Ohio robbery was at least partially planned in Michigan; 2) the cellular phones stolen from the store in Warren, Ohio were taken back to Michigan and re-sold in Michigan.

Construing the evidence in the light most favorable to the Government, a reasonable jury could conclude that the Government has met its burden of establishing, by a preponderance of the evidence, that venue over Counts Seven and Eight[2] is proper in this Court. The Court therefore denies Defendants' request for a judgment of acquittal based upon venue.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Motion for Acquittal filed by Defendant Sanders (Docket Entry No. 235 & 241) is DENIED.

IT IS FURTHER ORDERED that the Motion for Acquittal filed by Defendant Carpenter (Docket Entry No. 242) is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

---

[2]And of course Defendant Sanders was found not guilty as to Count Eight so his venue challenge to Count Eight is now moot.

10