UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                Criminal Case No. 12-20218

Timothy Ivory Carpenter D-4 and         Honorable Sean F. Cox
Timothy Michael Sanders D-11,

      Defendants.

_____/

## OPINION & ORDER
## DENYING DEFENDANT CARPENTER'S MOTION FOR NEW TRIAL

      In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Timothy Carpenter ("Carpenter") and Timothy Sanders ("Sanders") proceeded to a joint jury trial. On December 18, 2013, the jury returned its verdicts. The jury found Defendant Carpenter not guilty as to Count Two and guilty as to all other counts against him. The matter is now before the Court on Carpenter's Motion for New Trial. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall DENY the motion.

## BACKGROUND

      In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Carpenter and Sanders, who are half-

brothers, proceeded to a joint jury trial.

At trial, the Government did not contend that either Carpenter or Sanders entered the stores during the robberies. Rather, the Government sought to establish that they acted as lookouts, getaway drivers, planners and the like. One of the robberies occurred in Warren, Ohio, while the other six robberies occurred in the Metropolitan Detroit area.

The robbery that occurred in Warren, Ohio is the robbery that was charged in Count Seven of the Fourth Superceding Indictment and both Defendants were charged in Count Seven. Thus, the Government sought to prove that Carpenter and Sanders were both involved with the robbery that occurred in Warren, Ohio.

Trial in this matter commenced on December 5, 2013. Notably, neither Carpenter nor Sanders filed a motion for severance prior to trial.

On December 10, 2013, the Government called Adriane Foster ("Foster"), a former co-defendant, as a witness. During direct examination, Foster testified that he was contacted by Carpenter and asked to participate in a robbery in Warren, Ohio. He testified that Carpenter planned the robbery and that Sanders did not want anything to do with the robbery and would not allow the group that committed the robbery to use his van.

That testimony is inconsistent with Special Agent Vicente Ruiz's written summary of an interview with Foster on February 5, 2013. Special Agent Ruiz's written summary of that interview states that Foster told him, with respect to the Warren, Ohio robbery, that: 1) he believed he was going to Ohio to hang out with friends but, on the way there, Sanders started to reveal his plan to rob a store; and 2) *Sanders and Carpenter were in a lookout vehicle during that robbery*. Thus, Agent Ruiz's report indicates that Foster stated during the interview that *both*

*Sanders and Carpenter were involved in the Warren, Ohio robbery.*

During cross-examination, Counsel for Carpenter attempted to show Agent Ruiz's report to Foster, which Foster did not author, and had never seen before, in order to "refresh" Foster's memory. Because Foster did not indicate that he had a memory problem, this Court did not permit Counsel for Carpenter to use Agent Ruiz's report during his cross-examination. Counsel for Carpenter was permitted to ask Foster if he previously told the FBI that Timothy Sanders, not Timothy Carpenter, planned the robbery. Foster said that he had not.

During his cross-examination, Counsel for Sanders asked Foster several questions about the truthfulness of his trial testimony that Sanders had no involvement with the Ohio robbery, and Foster stated that he was testifying truthfully.

On December 10, 2013, Carpenter filed a Motion for Mistrial. Counsel for Sanders then filed a Joinder In Defendant Carpenter's Motion For Mistrial.

In an Opinion & Order issued on December 17, 2013 (Docket Entry No. 245), this Court denied both Carpenter and Sanders's motions seeking a mistrial. In doing so, this Court explained:

> "Whether properly articulated as a question of prejudicial joinder requiring severance, or a motion for mistrial resulting from prejudicial joinder," the appropriate determination as to the pending motions is whether Defendant Sanders or Carpenter can demonstrate sufficient prejudice to warrant a mistrial. *United States v. Anderson*, 353 F.3d 490, 502 (6th Cir. 2003).
> Both Defendants assert that the Court should grant a mistrial because, during a very limited[1] portion of the trial, they had conflicting defenses or positions as to a specific witness.
> But the case law makes clear that severance is not mandated "whenever

---

[1]Both Defendants had the same overall theory of defense at trial – that the cooperating co-defendants were falsely implicating them in the robberies in order to obtain favorable treatment.

3

codefendants have conflicting defenses." *Zafiro v. United States*, 506 U.S. 534, 538 (1993).  Thus, "mutually antagonistic defenses are not prejudicial *per se*" and Fed. R. Crim. P. 14 does not require severance even if some prejudice is shown. *Id.* at 538-39.

"Relief from prejudicial joinder is required 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Anderson, supra* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).  The defendant bears the burden of making a "strong showing of factually specific and compelling prejudice resulting from a joint trial." *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990).

Similarly, fairness to the accused is the primary concern in ruling upon a mistrial motion. *United States v. Atisha*, 804 F.2d 920, 925-26 (6th Cir. 1986).  A mistrial may be granted where there is a legitimate claim of seriously prejudicial error. *United States v. Moore*, 917 F.2d at 220.

Here, however, neither Defendant Sanders nor Defendant Carpenter have articulated a specific trial right that has been compromised.  Nor have they established that anything that has occurred during the course of the joint trial, including the limited conflict in defense strategies, will prevent the jury from making a reliable judgment about guilt or innocence.  This is especially so given that the jury has been instructed to separately consider the evidence as to each defendant. *United States v. Stull*, 743 F.2d 439, 447 (6th Cir. 1984).

Accordingly, the Court shall deny Defendants' motions seeking a mistrial.

(*Id.* at 4-6).

On December 18, 2013, the jury returned its verdicts.  The jury found Defendant Carpenter not guilty as to Count Two and guilty as to all other counts against him.

On December 31, 2013, Carpenter filed his Motion for New Trial.  (Docket Entry No. 258).

## ANALYSIS

Rule 33 of the Federal Rules of Criminal Procedures governs motions for new trial and provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interests of justice so requires."  Fed. R. Crim. P. 33(a)  A decision to grant or

deny a motion for new trial under Rule 33 lies with the discretion of the trial court.  *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012).

Here, Carpenter's Motion for New Trial raises two grounds for relief: 1) whether the Court should grant Carpenter a new trial "because he was denied the opportunity to establish that Adriane Foster lied about Carpenter's role in the Warren, Ohio robbery"; and 2) whether Carpenter is entitled to a new trial based due to the conflict of defenses and the antagonistic conduct of Sanders' Counsel in cross-examining Foster.

As to the second ground for relief, this Court has already considered Carpenter's argument and ruled that Carpenter is not entitled to a new trial on this ground. (*See* Docket Entry No. 245, 12/17/13 Opinion & Order).

The Court also finds Carpenter's other ground for relief to lack merit.  This Court continues to believe that its ruling on the use of Agent Ruiz's report during Carpenter's cross-examination of Foster was correct.

In his motion, Carpenter relies on Fed. R. Evid. 612 for the proposition that a party may use any writing to refresh the memory of a witness.  But that rule addresses an adverse party's right to discovery of materials used by a witness to refresh his or her memory.  And the cases relied on by Carpenter are inapposite. It is well-established that counsel may use prior statement to refresh the memory of a witness (*see, e.g. United States v. Caraway,* 534 F.3d 1290, 1295 (10th Cir. 2008).  Here, however, Agent Ruiz's report was neither authored by nor adopted by Foster, and Foster did not indicate any difficulty with his memory.  Rather, he simply denied making the alleged statement.

As the Government notes in its response, at trial, Carpenter's Counsel could have asked

Agent Ruiz about Foster's prior statements, or sought to admit his report into evidence, but chose not to do so. This was likely a tactical decision, and a reasonable one at that, given that Agent Ruiz's report stated that Foster implicated *both Sanders and Carpenter* as having served as lookouts during the Warren, Ohio robbery.

Moreover, assuming *arguendo* that the prohibition on the use of Agent Ruiz's report during Carpenter's cross-examination of Foster was error, it would have been harmless error. For purposes of the jury's verdict, it simply did matter who planned the robbery. So long as each Defendant performed a lookout function he could be found guilty of aiding and abetting the robbery. Although Foster testified at trial that Carpenter planned the Warren, Ohio robbery and that Sanders did not want anything to do with it, the jury *found both Defendants guilty* as aiders and abettors of that robbery. Thus, the jury was persuaded by other evidence presented at trial as to Carpenter and Sanders having served as lookouts during the Warren, Ohio robbery, such as the videotape evidence, and the jury was not misled by Foster's testimony or any alleged inability to fully-cross-examine him.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Carpenter's Motion for New Trial (Docket Entry No. 258) is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on

6

March 11, 2014, by electronic and/or ordinary mail.

                                   S/Jennifer McCoy
                                   Case Manager