**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
      **PLAINTIFF,**

                                  **CASE #:12-20218-4**

**VS.**

                                  **HON. SEAN F. COX**

**TIMOTHY IVORY CARPENTER**
      **DEFENDANT.**

| AUSA Kenneth R. Chadwell | Harold Gurewitz (P14468) |
|---|---|
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| | (313) 628-4733 |

**DEFENDANT TIMOTHY CARPENTER'S SENTENCING MEMORANDUM**

## I.  INTRODUCTION

Timothy Carpenter was convicted by a jury after trial of six robberies in violation of 18 USC §1951 and five violations of 18 USC §924(c) for using or carrying a firearm in connection with a federal crime of violence and aiding and abetting. He is scheduled to appear before this Court for sentencing on April 16, 2014. This Memorandum is submitted to assist this Court in applying the principles codified in 18 USC §3553(a).

18 USC §3553(a) requires that it is this Court's responsibility to "impose a sentence sufficient but not greater than necessary" to accomplish the purposes set forth in §3553(a), including to reflect the seriousness of the offenses, to promote respect for the law, to provide just punishment, and to afford adequate deterrence. To carry out this duty, §3553(a) requires the court to consider both the history and

characteristics of this defendant as well as the nature of the offenses.

The Supreme Court explained this obligation in *Rita v. United States,* 551 US 338, 347-348 (2007), that §3553(a) "tells the sentencing judge to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and, (7) the need for restitution."

This Court's responsibility pursuant to Section 3553(a) can be described as a mandate to make an individualized assessment of each of its factors as applied in this case to Mr. Carpenter. *Gall v. United States,* 552 US 38 (2007). Among these factors, a calculation of the guideline range typically serves only as a starting point. *Rita v. United States,* 551 US 338 (2007) ("... the sentencing statute envisions both the sentencing judge and the Commission as carrying out the same basic objectives, the one, at retail, the other at wholesale." *Id* at 2463). When this guideline methodology is applied, it is viewed only to work at a generalized level. *Gall,* 552 US at 50. That is, after determining an appropriate guideline score in the typical case, it is soundly within the court's authority to conclude that a variance below that guideline range is justified by a full consideration of all the factors in 18 USC §3553(a). *Gall*, *supra*.

It is suggested, however, that Mr. Carpenter's case is not a typical or ordinary case because of the impact of the mandatory minimum sentences for the

defendant's §924(c) convictions that provide for a total sentence of 105 years or 1260 months without consideration of the guideline factors and ranges for the defendant's convictions for violations of §1951. It should remain, however, the Court's task to determine a sentence that  .... is "sufficient, but not greater than necessary" to accomplish all the purposes required by §3553(a).

## II.  DEFENDANT'S PSR SCORING (PSR ¶¶29-81)

### A.  DEFENDANT TOTAL OFFENSE LEVEL

Mr. Carpenter's guideline calculations are computed using a Base Offense Level of 20 pursuant to USSG §2B1.3, and facts relevant to each robbery to apply adjustments. The Total Offense Levels as described in his Presentence Report vary from 23 to 26.  According to the Report, five additional levels are added to the highest score as a result of multi-count grouping, raising the Total Offense Level to 31.

Mandatory minimum sentences pursuant to 18 USC §924(c) are discussed in Paragraphs 75 through 79, five years corresponding to the conviction in Count 4 and twenty-five years for each of the four remaining firearm violations.

### B.  DEFENDANT'S CRIMINAL HISTORY SCORE (¶¶80-122)

Defendant Carpenter has a total Criminal History score of six placing him in Criminal History Category III. Although there are a number of pages in his PSR discussing his criminal history, it shows that he has three prior convictions which are scored, two are felonies; one on September 28, 2005 (attempted receiving and concealing stolen property; one criminal history point), one on May 27, 2008

-3-

(attempted tampering of a motor vehicle; two criminal history points) and one on April 13, 2010 (delivery of less than 50 grams of cocaine; one criminal history point). Two additional points are added to his score because he was on supervision at the time of the instant offense. PSR ¶96.

The product of his Total Offense Level and Criminal History Score produces a guideline range of 135 to 168 months, without consideration of the mandatory minimum sentences for the §924 (c) counts. With the addition of the mandatory terms for the §924(c) counts, that range also includes 105 years or 1260 months. Very obviously, the mandatory terms alone provide for a sentence that far exceeds Mr. Carpenter's projected life expectancy.

### III.   18 USC §3553(a)(5) - ANY PERTINENT POLICY STATEMENTS OF THE COMMISSION.

There are no relevant policy statements.

### IV.   AVOIDANCE OF UNWANTED SENTENCING DISPARITY – 18 USC §3553(a)(6)

18 USC §3553(a)(6) mandates the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Of course, no two cases and no two defendants are alike, even where their offenses of conviction are the same. Probably, the facts of this case are fairly unique. The sentencing statutes require the Court make an independent assessment of the unique circumstances of the individual before it. *Koon v. United States,* 518 US 81, 113 (1996).

Twelve others have been charged in the same case so far. All of them except

-4-

for Timothy Sanders have entered guilty pleas to either two or four counts with the exceptions of Patrick Heard who pled guilty to three counts and Nicholas Hood whose case is still pending trial. Sentences imposed have ranged from 480 months for Earnest Holt, 471 months for Michael Green and 425 months for Juston Young to 12 months plus two days for Lacrystal Hill. Exhibit A, Summary of Co-Defendant Sentences.  Defendants Green, Holt and Young either testified at Mr. Carpenter's trial or agreed to testify and may still receive some reduction in their sentences for their cooperation.

It is respectfully suggested that this consideration provides for a reasonable basis on which to vary from the 135-168 month guideline range computed for the counts of conviction separately charging robbery.  No additional punitive purpose can be accomplished by an order of incarceration exceeding mandatory range of 105 years.

In addition, it is suggested that the use of multiple §924(c) charges as in this case raises additional concerns of a Constitutional nature that are reasons for this Court to exercise its discretion in imposing sentence.

**A.   SEPARATION OF POWERS.**

By explicit language in the Constitution, each branch of the government, the legislative, executive and judicial branches, has its own powers and authority. *I.N.S. vs. Chadha,* 462 US 919, 951 (1983).[1]

---

[1]  It is acknowledged that the discussion of constitutional issues related to mandatory minimum consecutive sentences in this brief have been made in *United*

-5-

The mandatory consecutive minimums as set forth in 18 USC §924(c) violate the separation of powers doctrine as applied in this case. By enactment of the statute, Congress has stripped the judiciary of its constitutional and judicial prerogative in the sentencing process. The statute effectively delegates to the prosecutor both the authority to prosecute and sentence, all within the Executive Branch. That is, the prosecutor decides when and if to charge a particular offense triggering the mandatory consecutive terms. Here, the prosecutor, through plea bargaining, has also provided for enormous disparities in outcomes for defendants who have pled and particularly for those who have cooperated. (See Exhibit A, Sentence Comparison). It is one thing to suggest that the value, in real terms, of a defendant's agreement to plead and to cooperate may be measured in terms of a percentage of his potential sentence exposure, say 25% to 50%; it is another thing when that outcome provides a sentence that may be 60 to 80 years or more, lower than the sentence to be imposed on Defendant Carpenter (1260 months versus 240 months, for example). In doing so, the executive branch is allowed to totally usurp the sentencing discretion of the judiciary.

While it is beyond dispute that Congress has the power to fix the sentence for a federal crime, the Court in *Mistretta v. United States,* 488 US 361 (1989), reiterated that "the separation of governmental powers into three coordinate Branches is essential to the preservation of liberty." *Id.* at 380. The Supreme Court,

---

*States v. Frank Richardson,* Case No. 10-20397, R187. They appear here with the permission of Craig Daily, counsel for Mr. Richardson.

-6-

recognizing that the courts are to employ a "flexible understanding of separation of powers," held that the promulgation of binding determinate sentencing guidelines by the Sentencing Commission, was consistent with the separation of powers. The *Mistretta* court directed courts to "up[hold] statutory provisions that to some degree commingle the functions of Branches, but that pose no danger of either aggrandizement or encroachment." *Id.* at 382. The court added that had Congress conferred responsibility for promulgating guidelines to the Executive Branch, the constitutionality of assigning judicial responsibilities to the Executive Branch by uniting "the power to prosecute and the power to sentence within one Branch" would be called into question. *Id.* at 391 n 17.

Defendant Carpenter acknowledges that in the context of the imposition of a single mandatory minimum sentence, the Sixth Circuit has "flatly rejected" a separation of powers argument. See, *United States v. Cecil,* 615 F3d 678, 696 (6th Cir. 2010) and cases cited therein.  *See also*, *United States v. Jamerson,* 536 F. Appx. 606,610 (6th Cir. 2013).

The point is simply this. It is one thing to "curtail" judicial discretion in sentencing, it is a completely different scenario, when, as here, the judge's discretion to impose a sentence is completely eviscerated by the prosecutor's power via its charging power to trigger specific mandatory consecutive minimums, requiring a sentence beyond the statutory maximum and the life-expectancy of the defendant. Here, the application of the statutory provisions pose a danger of "aggrandizement or encroachment" by the Executive Branch into the judiciary,

-7-

rendering the statute unconstitutional. As a result, the application of the statue usurps an inherent judicial function by preventing a sentencing judge from exercising its constitutional prerogative when imposing a sentence.

## B.   VIOLATION OF DUE PROCESS RIGHT TO AN INDIVIDUALIZED SENTENCE.

It has long been held that sentencing is governed by the constitutional protection of due process of law. U.S. Const. Amend. V.  In *Williams v. New York,* 337 US 241 (1949), the court noted that the statutes in question there reflect the prevalent modern philosophy of penology that "[p]unishment should fit the offender and not merely the crime" based on "individualized sentences," *Id.* at 247-248.

More recently, in *United States v. Booker,* 543 US 220, 245 (2005) the court held that the congressionally implemented sentencing guidelines were advisory, not mandatory, and simply one factor among others, to consider when imposing a sentence. Subsequently, the court again reiterated the judge's authority to impose a sentence outside crack cocaine guidelines in *United States v. Kimbrough*, 552 US 85 (2007), and could even impose a sentence on a policy disagreement with the guidelines in *Spears v. United States*, 555 US 261, 264 (2009).  *See also, Gall v. United States*, 128 S.Ct. 586, 596 (2007).

Although there is no constitutional right to an individualized sentence in a non-capital case, see *United States v. Odeneal*, 517 F3d 406, 415 (6th Cir. 2008)("it is not fully settled whether there is such a constitutional right." *United States v. Corum*, 354 Fed. Appx. 957, 9673 (6th Cir. 2009)), there can be little question that

-8-

there is a "clear statutory right embodied in 18 USC §3553(a) to have the district court individually assess "all factors brought to their attention by a defendant." *Id.*, citing to *United States v. Blackwell*, 459 F3d 739, 774 (6th Cir. 2006).

In this light, it should be concluded that the mandatory minimum penalties under 18 USC §924(c) totaling 105 years together with the calculated guideline ranges, directly conflict with the parsimony clause of 18 USC §3553(a), which requires that a sentencing judge impose a sentence that is "not greater than necessary" to accomplish the purpose of sentencing. In fact, the language of §3551 is mandatory, requiring the sentencing judge to sentence an individual in accordance with the purposes of sentencing under §3553(a)(2), "except as otherwise specifically provided." The mandatory minimum provisions of 18 USC §924(c) do to the directive of §3553(a).

In short, a sentencing court bears a statutory duty to fashion a sentence that is "sufficient, but not greater than necessary," to comply with the criteria set forth in 18 USC§3553(a). *Kimbrough, supra*; *United States v. Collingwood,* 461 F3d 805, 806 (6th Cir. 2006); *United States v. Foreman*, 436 F3d 638, 644 n. 1 (6th Cir. 2006). In determining the "particular sentence to be imposed, [the court] shall consider":

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed --
>
> > (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

-9-

(b) to afford adequate deterrence to criminal conduct;

(c) to protect the public from further crimes of the defendant; and

(d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by the Sentencing Commission in the Guidelines] . . .

(5) any pertinent policy statement [issued by the Sentencing Commission]. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 USC §3553(a).

The Court must consider all the factors enumerated above to impose the minimum sentence necessary to achieve the goals of sentencing. *United States v. Booker*, 543 US 220, 245-46 (2005).

Here, these two statutory provisions cannot be reconciled unless this Court, by rule of lenity, applies the factors of §3553(a).

## C.   EQUAL PROTECTION VIOLATION.

The constitution precludes denial of equal protection of the laws. U.S. Const.

-10-

Amend V.[2]  The mandatory minimum consecutive terms lack a rational basis and impinge on a fundamental right. See *City of Cleborne v. Cleborne Living Center*, 473 US 432, 439-47 (1985) (strict scrutiny of alleged equal protection violation is employed if the classification discriminates on the basis of a suspect criteria or impinges on a fundamental right); *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 US 356, 364 (1973) (statute not rationally related to legitimate legislative purpose). Under the rational basis standard, the statute is afforded a strong presumption of validity and will be upheld if "there is a rational relationship between the disparity of treatment and some legitimate government purpose." *Heller v. Doe*, 509 US 312, 325 (1993). However, rational basis review is not a rubber stamp for all legislative action, and discrimination that is arbitrary and irrational violates the Equal Protection Clause. *Vance v. Bradley*, 440 US 93, 97 (1979).

The imposition of a mandatory consecutive minimum sentences of 25 years for a second or subsequent conviction draws an arbitrary line in treating those convicted of such offenses more harshly in violation of the equal protection clause. In fact, the mandatory minimum consecutive sentence of 25 years applies equally to whether the person simply used or carried the firearm, brandished it, discharged it, or used a short-barreled or semi-automatic weapon. Here, the evidence at trial showed the firearms were never discharged, yet Mr. Carpenter faces the same

---

[2] "[t]he Fifth Amendment's due process clause encompasses equal protection principles." *United States v. Lee*, 957 F2d 778, 782 (10th Cir. 1992) (citing *Mathews v. De Castro*, 429 US 181 (1976).

mandatory minimum consecutive 25 year sentence.

### D.   VIOLATION OF THE EIGHTH AMENDMENT, PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT.

There are, in addition to the above arguments, substantive limits upon congressional power to specify sentences for federal offenses. The Eighth Amendment is such a substantive limitation. A sentence may be so disproportionate as to violate the cruel and unusual punishment clause of the Eighth Amendment.

As stated over three quarters of a century ago by the United States Supreme Court, "[I]t is a precept of justice that punishment for the crime should be graduated and proportioned to the offense." *Weems v. United States*, 217 US 349, 367 (1910). In more recent times, the court has found defects of constitutional magnitude in sentences which are disproportionate to the offense. For example, in *Coker v. Georgia*, 433 US 584, 592, n 4 (1977), the Court stated:

> Because the death sentence is a disproportionate punishment for rape, it is cruel and unusual punishment within the meaning of the Eighth Amendment even though it may measurably serve the legitimate ends of punishment and therefore is not valid for its failure to do so.

In *Rummel v. Estelle*, 445 US 263 (1980), the Court upheld the constitutionality of a mandatory life sentence with the possibility of parole after 12 years. The court rejected the absence of violence in the crime being punished as the determinative factor of proportionality. Then in *Solem v. Helm*, 463 US 277 (1983), the court held that a non-capital sentence imposed on an adult was constitutionally disproportionate when the defendant was sentence to life imprisonment without

-12-

parole for writing a check for $100 with no account, the latest of a string of minor offenses. The Supreme Court held that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted," *Id*. at 210. That inquiry should be guided by objective factors such as the gravity of the offense and the severity of the punishment, *Id*. at 290-92. The court found it helpful to compare sentences imposed on other criminals in the same jurisdiction, as well as other jurisdictions. The difference between non-violent and violent crimes and negligent and intentional conduct were relevant inquiries. Subsequently, in *Harmelin v. Michigan*, 501 US 957 (1991), the court found that a mandatory life sentence without parole was not constitutionally disproportionate for the crime of possession of 672 grams of cocaine. Justice Kennedy's plurality opinion has been considered the "controlling" opinion on proportionality. See *Graham v. Florida*, 560 US 1 (2010). While recognizing that the cruel and unusual punishment clause does apply to non-capital sentences, the court acknowledged that the "precise contours are unclear." The Sixth Circuit applies the "grossly disproportionate" test articulated by Justice Kennedy in *Harmelin* when reviewing an Eighth Amendment challenge in a non-capital case. *United States v. Hopper*, 94 F2d 419, 422 (6th Cir. 1991).

More recently, courts have been encouraged to refer to "the evolving standards of decency that mark the progress of a maturing society" to determine whether a mandatory minimum sentence is disproportionate as to violate the Eighth Amendment. See, *Miller v. Alabama*, 132 S Ct 2455 (2012) (mandatory life sentence without parole for youth constitutes cruel and unusual punishment in

violation of Eighth Amendment); *Roper v. Simmons*, 543 US 551 (2005) (holding the Eighth Amendment is violated when capital punishment is imposed for crimes committed by persons under 18 years of age); *Kennedy v. Louisiana*, 554 US 407 (2008) (Eighth Amendment prohibits death penalty for rape of child where there was no death involved).

In the present case, comparing the seriousness of Mr. Carpenter's convictions to the penalty to be imposed, the sentences are grossly disproportionate. Although weapons were utilized jeopardizing the safety of employees and others, the danger never came to pass since the weapons were never discharged. A mandatory minimum sentence of 105 years plus a term calculated based on guidelines as suggested in Mr. Capenter's PSR is excessive and disproportionate under the Eighth Amendment.

## V.   CONCLUSION

In light of all the factors discussed in this Brief, and based on a full and fair consideration of all the factors set forth in 18 USC §3553 (a), Defendant respectfully urges this Court to impose a sentence lower than the guideline range recommended at Paragraph 142 of Mr. Carpenter's PSR, 1,395 to 1,428 months.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

-14-

By:    s/Harold Gurewitz (P14468)
333 W. Fort Street, 11th floor
Detroit, MI 48226
(313) 628-4733
Email: hgurewitz@grplc.com

Date:April 9, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s Harold Gurewitz (P14468)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
email: hgurewitz@grplc.com

-15-

EXHIBIT A

# US v. Carpenter, et. al.

| Defendant | Sentence Date | Counts of Conviction | Sentence |
|---|---|---|---|
| D1 - Michael Green | 4/11/2013 | 1<br>2<br>5<br>6 | 87 months on Counts 1 & 5 concurrent<br>84 months on Count 2, consecutive<br>300 months on Count 6, consecutive<br>**Total sentence 471 months** |
| D2 - Earnest Holt | 4/11/2013 | 1<br>2<br>3<br>4 | 96 months on Counts 1 & 3 concurrent<br>84 months on Count 2, consecutive<br>300 months on Count 4, consecutive<br>**Total sentence 480 months** |
| D3 - Juston Young | 4/11/2013 | 3<br>4<br>5<br>6 | 41 months on Counts 3 & 5, concurrent<br>84 months on Count 4, consecutive<br>300 months on Count 6, consecutive<br>**Total sentence 425 months** |
| D4 -Timothy Carpenter | | 1, 3, 4<br>7-14 | |
| D5 - Adriane Foster | 1/31/2014 | 7<br>8<br>9<br>10 | 40 months Counts 7 & 9, concurrent<br>80 months Count 8, consecutive<br>120 months Count 10, consecutive<br>**Total sentence 240 months** |
| D6 - Timothy Jones | 2/7/2014 | 1<br>2 | 24 months on Count 1<br>36 months on Count 2, consecutive<br>**Total sentence 60 months** |
| D7 - Jesse Dismukes, Jr. | 4/9/2014 | 9<br>10<br>13<br>14 | Guideline Range 421-430months<br><br>Rule 11 caps at 425 months |
| D8 - David Holland | 2/12/2014 | 9<br>10<br>11<br>12 | 40 months on Counts 9 & 11, concurrent<br>80 months on Count 10, consecutive<br>120 months on Count 12, consecutive<br>**Total sentence 240 months** |
| D9 - Lacrystal Hill | 2/21/2014 | 13<br>14 | 1 day time served - Count 13<br>12 months + 1 day - Count 14, consecutive<br>**Total sentence 12 months + 2 days** |
| D10- Sedric Bell-Gill | 3/5/2014 | 3<br>4<br>11 | 36 months on Counts 3 & 11, concurrent<br>84 months on Count 4, consecutive<br>**Total sentence 120 months** |
| D11- Timothy Sanders | | 5<br>7 | |
| D12- Patrick Heard | 3/12/2014 | 13<br>14<br>15 | 24 months on Counts 13 & 15, concurrent<br>36 months on Count 14, consecutive<br>**Total sentence 60 months** |
| D13- Nicholas Hood | | | |