UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
    PLAINTIFF,

CASE #:12-20218-4

vs.

HON. SEAN F. COX

TIMOTHY IVORY CARPENTER
    DEFENDANT.

| | |
|---|---|
| AUSA Blake S. Hatlem | Harold Gurewitz (P14468) |
| U.S. Attorney's Office | Gurewitz & Raben, PLC |
| 211 W. Fort Street, Suite 2001 | 333 W. Fort Street, Suite 1100 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9613 | (313) 628-4733 |

## DEFENDANT TIMOTHY CARPENTER'S RE-SENTENCING MEMORANDUM

### I. INTRODUCTION

Defendant Timothy Carpenter is to appear before this Court on February 4, 2022 for re-sentencing on remand following an order from the Court of Appeals for the Sixth Circuit vacating his sentences dated December 19, 2019. Defendant Carpenter asks this Court to conclude, for all of the reasons discussed below, that the First Step Act §403(b), 132 Stat. at 5222, applies to re-sentencing on Defendant Carpenter's five counts of conviction for violating 18 USC §924(c), Counts 4, 8, 10, 12 and 14. He also asks this Court to determine a guideline sentence on his convictions for Hobbs Act robbery, Counts 1, 3, 7, 9, 11 and 13, consistent with all of the factors listed in §3553(a) and craft a total sentence which

is sufficient but not greater than necessary to serve the interests of justice.

The United States' Sentencing Memorandum, (ECF 589), misses the mark for several reasons. While it presents a summary of Defendant Carpenter's offense conduct in some detail, it omits details of the procedural history of Defendant Carpenter's case since he was sentenced in April 16, 2014 pertinent to resentencing on remand. That information is discussed below.

## II.   OFFENSE CONDUCT AND PROCEDURAL HISTORY

### A.   Offense Conduct

According to the evidence presented at trial in December 2013, and reviewed in detail in the Offense Conduct section of Defendant Carpenter's PSR at Paragraphs 24 through 36, he was a participant in a series of six cell phone store robberies during the period from December 13, 2010 through December 1, 2012 along with co-defendants. A list of seven co-defendants and the sentences received by each, ranging from 60 months to 480 months, is contained on Page 5 of Defendant Carpenter's PSR.  Even the most severe of those co-defendant sentences (Earnest Ray Holt - 480 months) is about one-third of Defendant Carpenter's 2014 sentence of 1,395 months. Defendant Carpenter was recruited to participate in the first robbery by a co-defendant. He acted as a "lookout." Thereafter, Defendant Carpenter's involvement included planning store robbery

site selection, obtaining a gun used at the March 3, 2011 robbery in Warren, Ohio, and involvement in selling stolen merchandise on several occasions. There was no evidence at trial that he entered any location during any robbery.

### B. Procedural History

- **12/11/12** Defendant Carpenter was first arrested on the First Superseding Indictment in this case on December 11, 2012. He was denied bond at his initial arraignment and has been continuously in custody since that time, for about 11 years. Three superseding indictments were filed after Defendant Carpenter's arraignment. Those were filed on February 19, 2013, April 2, 2013, and June 18, 2013.

- **12/5/13** Defendant Carpenter's jury trial began on December 5, 2013. Guilty verdicts were returned on December 18, 2013.

- **4/16/14** This Court imposed a custodial term of 135 months on each of the six Hobbs Act robbery counts to run concurrently. It sentenced Defendant Carpenter to consecutive terms on each of the counts of conviction for violating 18 USC §924(c) as was required at the date of sentencing; 60 months on the first count, followed by 300 months on each of the other counts. The total term of the sentence was 1,395 months or 116.25 years.

- **4/13/16** The Opinion and Judgment of the U.S. Court of Appeals for the Sixth Circuit affirming the Judgment of this Court, including Defendant Carpenter's sentence, was entered on April 13, 2016. Defendant Carpenter argued on appeal that his 1,395 month sentence was in violation of the Constitution.

- **6/6/17** Certiorari was granted by the U.S. Supreme Court on the issue whether the warrantless seizure and search of historical cell phone records revealing the location and movements of cell

      phone used over the course of 127 is permitted by the Fourth Amendment.

- 6/22/18    Judgment was entered by the U.S. Supreme Court reversing the judgment of the Sixth Circuit and his case was remanded "to the U.S. Court of Appeals for the Sixth Circuit for further proceedings, consistent with the Opinion of this Court."

- 6/11/19    An Opinion of the U.S. Court of Appeals for the Sixth Circuit affirming the judgment of the district court was entered on June 11, 2019, about 11 months after entry of Judgment by the Supreme Court and without any additional schedule from the Court or briefing by the parties.

- 7/8/19    Defendant Timothy Carpenter's Petition for panel rehearing on remand was filed in the U.S. Court of Appeals for the Sixth Circuit on July 8, 2019. (Doc 75).

- 12/19/19    An Opinion of the U.S. Court of Appeals for the Sixth Circuit was entered vacating and remanding Defendant Carpenter's sentences for re-sentencing. ("Carpenter's sentences are vacated and his case is remanded for resentencing. Our decision here does not vacate or otherwise affect our decision in *US v. Carpenter,* 926 F3d 313 (6th Cir, 2019).")

- 9/2/21    An updated Revised PreSentence Investigation Report for Timothy Carpenter was filed.

- 12/28/21    Defendant Carpenter was physically returned to the Eastern District of Michigan in custody from USP Atwater.

### III.   THE KIND OF SENTENCE, SENTENCING RANGES AND THE FIRST STEP ACT

    **A.    Sentence Guideline Computations**

According to Defendant Carpenter's updated PSR at Paragraphs 42-87,

(Offense Level Computation), his Total Offense Level for six Hobbs Act Robbery Convictions, including a multi-count adjustment, is Level 31. His Criminal History Category is III for six (6) Criminal History Points. These factors provide for a guideline range of 135 to 168 months. The offense level calculation recommended by Defendant Carpenter's current PSR is the same as was recommended in Defendant Carpenter's PSR in 2014. His Criminal History Score is now III instead of Level IV in 2014.

### B. The First Step Act Applies At Defendant Carpenter's Resentencing.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act" or the FSA), ushered in "momentous correctional, sentencing, and criminal justice reforms." (Brief for Amici Curiae United States Senators Richard J. Durbin, Charles E. Grassley, and Cory A. Booker In Support of Defendant - Appellant And Vacatur, 5/12/20, *United States v. Mapauatuli*, 9th Cir. Case No. 19-10233, at page 3) (Appendix A).[1]

Section 403 of the First Step Act, effective 12/18/18, provides as follows:

---

[1] Senators Durbin, Grassley and Booker, whose Amicus Curiae Brief was filed in *United States v. Mapuatuli*, Ninth Circuit Case No.19-10233 on May 12, 2020, were principal sponsors of the First Step Act. The *Mapuatuli* appeal in the Ninth Circuit was subsequently withdrawn by the Appellant before decision on February 19, 2021 after the District Court provided notice that it would grant the Defendant's motion for compassionate release.

> (a) ) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking ''second or subsequent conviction under this subsection'' and inserting ''violation of this subsection that occurs after a prior conviction under this subsection has become final.''
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

"Section 403 of the First Step Act reflects Congress's intent to end the harsh practice of stacking multiple §924(c) sentences." *United States v. Henry*, 983 F3d 214, 219 (6th Cir, 2020). The Act was intended to assure "that individuals who committed an offense before the Act was enacted, but who are not subject to a sentence for that offense, would benefit from [Section 403]."[2]

---

[2] The Senators' Amicus Brief in *Mapuatuli* directly addresses the remedial provisions in a parallel section of the First Step Act, Section 401. The Brief explains at Footnote 3, at page 10, that its discussion of the history and intent of the Act applies equally to Section 403(b), at issue in Defendant Carpenter's sentencing before this Court, as it does to Section 401(c). The Amicus Brief explains that:

> Section 403 of the Act, which is not at issue in this appeal, contains an identical applicability provision. *See*, First Step Act §403(b0, 132 Stat. at 5222). This Court's interpretation of Section 401(c) most likely will inform any future interpretation of Section 403(b). (Exhibit A: Amicus Brief at page 10, fn. 3).

There have been differing approaches for application of §403(b) to cases in which defendants have been convicted of §924(c) offenses and where their cases have been in the appeal process at the date the FSA was enacted, on December 21, 2018. The Sixth Circuit has distinguished these circumstances based on whether the defendant's case was reversed, remanded or vacated before the effective date of the First Step Act. In *United States v Henry*, 983 F3d 214 (6th Cir. 2020), the Court of Appeals, in a split decision, held as a matter of first impression that "§403 applies to defendants whose cases have been remanded for resentencing prior to the First Step Acts's enactment, but who were not yet resentenced." *Id* at 217.

The defendant in *Henry* was convicted by a jury in October, 2013 of three counts of bank robbery and three counts of violating §924(c). He was sentenced to 730 months custody. On appeal, two of his three §924(c) convictions were reversed and remanded for new trial. Henry was again convicted on remand, resentenced and appealed. On his second appeal, the appeals court reversed and remanded for resentencing in light of *Dean v. United States*, 137 S Ct 1170 (2017), which permitted the court to consider mandatory-minimum sentences when determining sentences for other counts. At Henry's third sentencing, the court concluded the FSA did not apply. On the following appeal, the Court of

Appeals then concluded that the Act should have applied to Henry, and those similarly situated, "whose cases were remanded prior to the First Step Act's but who were resentenced only after its enactment." *Id*. at 219. It is submitted that Defendant Carpenter's case status at the time of the FSA enactment in 2018, then on remand from the Supreme Court, was then in an analogous posture after reversal and remand from the Supreme Court and that the FSA should now apply for his resentencing. ("The legislative history of 403 further supports Congress's intent to apply 403 to individuals whose cases were remanded prior to the Act's enactment but who were not yet resentenced at the time of its enactment.") *Id*. at 223.

Somewhat in juxtaposition to *Henry*, the same court, in *United States v. Jackson*, 995 F3d 522 (6th Cir. 2021) (Cert. Petition filed 9/28/21, Case No. 21-5875, Solicitor General Response now due 2/2/22), held - again in a split decision - that §403(b) does not apply for a defendant originally sentenced before enactment of the new law, where one of his three §924(c) convictions was vacated and other convictions, including for two violations of §924(c), were remanded for resentencing three months **after** the FSA enactment. *Id*. at 524. The Government argues in its Sentencing Memorandum in this case, (ECF 589, Pg ID 5516), that *Jackson* controls the outcome for Carpenter. Defendant Carpenter, however,

argues that *Jackson* is distinguishable on its facts and that the law discussed in *Henry*, including *United States v. Uriarte,* 975 F3d 596 (7th Cir. 2020)(en banc), supports his position.

Defendant Carpenter asks this Court to apply §403 of the First Step Act because his sentence was vacated before the date of its enactment. Clearly, for purposes of application of the statute, there was not a valid "imposed" sentence in Defendant Carpenter's case at the date of enactment on December 21, 2018. Even the opinion in *Jackson* acknowledges that "[t]he question whether a sentence 'has been imposed' requires us to ask if the **sentencing process** ended by the date of enactment." (emphasis added) *Id*. at 524. In those terms, the same court determined in *Henry* that the "sentencing process" had not ended where Henry's case was on limited remand for resentencing on the FSA enactment date, December 21, 2018. Similarly, in Defendant Carpenter's case, his "sentencing process" had not ended by the FSA enactment date because the Supreme Court reversed and remanded on July 27, 2018 for "further proceedings consistent with this opinion." Those proceedings were not completed in 2018 because the Court of Appeals chose not to take any action that year. It made no decision in Defendant Carpenter's case before the enactment date of the FSA.

It then should be concluded that when the Supreme Court reversed the Sixth

Circuit Judgment in *Carpenter* on July 27, 2018, (Exhibit B: Judgment in Supreme Court Case No. 16-402, dated 6/22/18), it became void and revoked. *Thomkins v. Berguis*, 2011 WL 835927 (ED MI); *Butler v. Eaton*, 141 US 240, 244 (1891) ("a reversal of a lower court's decision sets aside that decision, leaves it 'without any validity, force, or effect' and requires that it be treated thereafter as if it never existed.").

According to the Senators' Amicus Brief in *Mapuatuli*, Congress intended the FSA to apply, in situations like Defendant Carpenter's, "to pre-Act offenders who are not subject to a sentence for their offenses, including those individuals who original sentences are vacated as unlawful for other reasons.

> In selecting text to meet this objective, Congress relied on the settled principle that "when a criminal sentence is vacated, it becomes void in its entirety," *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996), such that "the defendant is placed in the same position ***as if he had never been sentenced***," *United States v. Maldanado*, 996 F2d 598, 599 (2nd Cir. 1993)(emphasis added); *see also*, *e.g. Pepper v. United States*, 562 US 476, 507 (2011) (vacatur of a sentence "wiped the slate clear"); *United States v. Mobley*, 833 F3d 797, 802 (7th Cir. 2016) ("When we vacate a sentence and order a full remand, the defendant has a 'clean slate'–that is, ***there is no sentence*** until the district court imposes a new one."(emphasis added)); *United States v. Maxwell*, 590 F3d 585, 589 (8th Cir. 2010) (vacated sentences "were invalidated, nullified, or made void"); *United States v. Muhammad*, 478 F3d 247, 250 (4th Cir. 2007) (vacatur of a sentence means that "prior

sentencing proceedings were nullified"): *United States v. Grant*, 397 F3d 1330, 1334 (11th Cir. 2005) ("An original sentence is wiped away by a vacatur."); *United States v. Moree*, 928 F2d 654, 656 (5th Cir. 1991)(vacatur of sentence" rendered . . . Sentence null and void")

### C.  Impact of Mandatory Sentences Required By § 924(c)

Irrespective of the Court's decision on Application of §403(b) of the First Step Act at Defedant Carpenter's resentencing, it is requested that this Court take the mandatory sentences it applies for those counts into consideration in determining appropriate sentences for the other counts on which Defendant Carpenter was convicted of violating, the Hobbs Act, 18 USC §1951.

In *United States v. Dean*, 137 S Ct 1170, 1176-77 (2017), the Court held that:

> Nothing in §924(c) restricts the authority conferred on sentencing courts by §3553(a) and the related provisions to consider a sentence imposed under §924(c) when calculating a just sentence for the predicate count.

In *Dean*, just as in Carpenter's case, the defendant was convicted of multiple crimes related to robberies, including possession of a firearm in furtherance of a crime of violence in violation of 18 USC §924(c). At Dean's sentencing, as in Carpenter's case, the district court rejected Dean's argument at his initial sentencing that it "consider his lengthy mandatory minimum sentences

when calculating the sentences for his other counts." *Id*. at 1175. The Supreme Court in *Dean* explained, however, that there is nothing in §924(c)(1)(D)(ii) that prevents a sentencing court from doing just what Dean, and now Carpenter, requested at sentencing, reducing the sentence guidelines for the predicate Hobbs robbery convictions because of the defendant's lengthy exposure for mandatory firearm sentences. "Nothing in that language prevents a district court from imposing a 30 year mandatory minimum sentence under §924(c) and a 1-day sentence for the predicate violence or drug trafficking crime provided those terms run one after the other." 137 S Ct at 1177.

This Court was prevented from applying the rationale of *Dean* at the time of Defendant Carpenter's first sentencing by circuit precedent. *United States v. Franklin*, 499 F3d 578, 583-86 (6th Cir, 2007). That prohibition has now been removed by *Dean*. It is, therefore, respectfully requested that this Court factor Defendant Carpenter's §924(c) mandatory sentences into its ultimate determination of guideline sentences for each of the Hobbs Act robbery acts for which Defendant was convicted.

## IV. BACKGROUND AND CHARACTERISTICS OF DEFENDANT CARPENTER

Defendant Carpenter's personal and family background is reviewed at Paragraphs 128-134 of his Presentence Investigation Report (PSR).

Mr. Carpenter is now 37 years old. He has been incarcerated for this case for the last 10 years. Although Defendant Carpenter had contacts with the criminal justice system before this case, this has been his first incarceration.

As revealed in his Presentence Report, Defendant Carpenter's childhood is not marked by trauma. Nevertheless, the outline of his background discloses that he was raised by a single mother and had little contact with his father, whom he reports suffers from psychological issues. As an adult, Mr. Carpenter has his own children from two significant relationships. They are now teenagers. However, because he has been incarcerated at facilities a great distance from Michigan, he has had no opportunity for personal contact with them or with any family members since his sentencing in 2014.

Defendant Carpenter is providing records of the classes or programs he has completed in federal custody. (Exhibit C: Transcript & Certificates).

## V. CONCLUSION

It is for all of these reasons that is request that this Court impose a just sentence that is sufficient but not greater than necessary.

                    Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

By:   s/Harold Gurewitz (P14468)
333 W. Fort Street, 11th floor
Detroit, MI 48226
(313) 628-4733
Email: hgurewitz@grplc.com

Date: January 21, 2022

### CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                    /s Harold Gurewitz (P14468)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
email: hgurewitz@grplc.com