## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

TIMOTHY CARPENTER
      PETITIONER,

                                HON. SEAN F. COX

V.

                                CASE #: 12-20218

UNITED STATES OF AMERICA
      RESPONDENT.

Harold Gurewitz (P14468) | Blake Hatlem, AUSA
Attorney for Petitioner Carpenter | United States Attorneys Office
Gurewitz & Raben, PLC | 211 W. Fort Street, Suite 2300
333 W. Fort Street, Suite 1400 | Detroit, MI 48226
Detroit, MI 48226 | email: Blake.Hatlem@usdoj.gov
Email: HGurewitz@grplc.com
(313) 628-4733

### MEMORANDUM IN SUPPORT OF MOTION TO VACATE SENTENCE PURSUANT TO 28 USC §2255

## I.  INTRODUCTION

Defendant Timothy Carpenter has filed a Motion under 18 USC §2255(a) to Vacate, Set Aside or Correct Sentence, requesting relief from his 116 year sentence imposed on February 11, 2022 at resentencing. He asks this Court to vacate his sentence and to resentence because his 2022 sentence was imposed in violation of law and the Constitution.

His motion presents three issues as reasons for relief. His issues are listed in his motion and discussed in more detail below. His motion is filed within 12 months after denial of his petition for certiorari that presented his issue concerning

application of the First Step Act, Pub Law 115-391, Section 403(b) and (c), (First Step Act or FSA) to the Supreme Court. *Carpenter v United States,* Case No. 23-531, cert. den, February 20, 2024.

First, Defendant Carpenter asks this Court to vacate his sentence because it was imposed in violation of the sentence reduction provisions of the First Step Act. If applied in his case, the FSA would reduce his sentence by 80 years. *United States v. Carpenter*, 2023 WL 3200321 at * 2, 5/2/23 (Kethledge, J.; "That amendment, if applied in Carpenter's case, would reduce his mandatory-minimum sentence on his §924(c) convictions by 80 years (from 105 to 25 years").

This Court, however, relying on *United States v. Jackson,* 995 F3d 522 (6th Cir 2021), cert. den., 142 S Ct 1234,[1] rejected Carpenter's arguments to apply the First Step Act on February 11, 2022. Other circuits have reached different results. The Supreme Court heard argument in *Hewitt v. United States*, 23-1002, on January 13, 2025, presenting the same question raised here by Carpenter, whether the FSA applies for a defendant whose prior conviction has been vacated. A decision in *Hewitt* is expected by June 2025 and likely will resolve the issue now raised by Carpenter. Therefore, it is requested that this Court wait until *Hewitt* is decided by the Supreme Court before finally resolving this issue.

---

[1] *Jackson,* 995 F3d 525 ("On the relevant date for retroactivity, Jackson was . . . . under sentence pending appeal.").

Defendant Carpenter's motion pursuant to 28 USC § 2255 also asks this Court to vacate his sentence because unreasonable delay by the Court of Appeals in his case on remand from the Supreme Court in 2018, from June 11, 2018 until June 19, 2019, *United States v Carpenter,* Sixth Circuit Case No. 14-1572. Doc. Nos. 70 and 72, denied his right to Due Process. If the Court of Appeals had acted promptly on remand and vacated his sentence before passage of the First Step Act on December 21, 2018, Carpenter would have been without a prior sentence when the FSA was enacted and qualified for application of the Act, even under terms of the Court of Appeals decision in *Jackson*.

Finally, Defendant Carpenter's motion pursuant to § 2255 asks for relief because his 116 year sentence, imposed after passage of the First Step Act and expressions of intent by Congress to correct draconian stacked mandatory 25 custodial terms of §924(c), as for example in Carpenter's case, is excessive, disproportionate and violates the Eighth Amendment protections from cruel and unusual punishment.

## II.   STATEMENT OF THE CASE AND FACTS

### A.   District Court Trial and Sentence in 2014

Timothy Carpenter ("Carpenter") was tried and convicted on six counts for robbery affecting interstate commerce in violation of 18 USC §1951(a) (Counts 1,

3, 7, 9, 11, and 13), and five counts for aiding and abetting the use or carrying of a firearm during a crime of violence, in violation of 18 USC §924(c) (Counts 4, 8, 10, 12, and 14). At the time of Carpenter's indictment, trial and sentencing, well before enactment of the First Step Act §403(b) in 2018, each firearms count provided for mandatory consecutive sentencing. *See*, *Dean v. United States*, 581 US 62, 69-70 (2017).

Defendant Carpenter was originally sentenced on April 16, 2014 to a *de facto* life-in-custody term of 1,395 months – or 116.25 years. Carpenter's sentence included 135 months for six Hobbs Act counts ordered to run concurrently with each other. The rest, 1,260 months, or 105 years, was the cumulative total of sentences for five §924(c) mandatory consecutive convictions, 60 months for the first and consecutive 300 month terms for each of the others. (*United States v. Carpenter,* D. Ct. Case No. 12-20718; R301: Judgment, Pg ID 1600-05). At sentencing, this Court rejected Carpenter's Eighth Amendment cruel and unusual excessive sentence arguments. (*Id.,* R298: Defendant's Sentencing Memo, Pg ID 1590-92).

## B.   Appeal - Sixth Circuit and Supreme Court

Defendant Carpenter's conviction and sentence were affirmed on appeal. *United States v. Carpenter*, 819 F3d 880 (6th Cir. 2016); *rev'd*, *Carpenter v.*

*United States*, 138 S Ct 2206 (2018). The Opinion affirmed this Court's pre-trial order that denied Carpenter's motion to exclude his cell-site data from evidence at trial, holding that such data are business records not subject to Fourth Amendment protection. *Id*. at 891. It also affirmed Carpenter's 1,395 month sentence, concluding it was neither cruel and unusual punishment nor a separation of powers violation. *Id*. at 892.

The Supreme Court granted Carpenter's Petition for Writ of Certiorari on Carpenter's Fourth Amendment issue. *Carpenter v. United States*, 137 S Ct 2211 (2016). After briefing and argument, the Supreme Court reversed and remanded on June 22, 2018 for further proceedings. 138 S Ct  2206 (2018).

On remand, the Sixth Circuit again affirmed the district court's pre-trial order denying Carpenter's motion to suppress CSLI, this time on good-faith grounds as suggested in the Court's first opinion. 926 F3d 313 (6th Cir, 2019), Stranch, J., concurring. The Court of Appeals' Opinion on remand was filed on June 11, 2019, a delay of almost one year after the Supreme Court decision reversing in *Carpenter* and without any expressed reason in the record.

Carpenter asked for Panel Rehearing on July 8, 2019, to correct errors in application of the good-faith doctrine and to vacate and remand for re-sentencing based on the intervening decision in *Dean v. United States*, 581 US 62 (2017), and

on the intervening and significant change in sentencing law for violations of

§924(c) by the First Step Act, enacted on December 21, 2018 (First Step Act or

FSA). Carpenter's motion to vacate and remand was made "to permit the district

court to apply the punishment-reducing amendments set forth in Section 403 of the

First Step Act, Pub. L. No. 115-391, Title IV, § 403." (*Carpenter*, Sixth Circuit

Case No. 14-1572, Doc. 75, p. 13).

The Sixth Circuit granted Carpenter's motion, vacated his sentences and

remanded for plenary resentencing "to allow the district court to sentence him

anew." (COA 14-1572, Doc 84). The Court remanded based on *Dean* and found

Carpenter's First Step Act arguments moot. ("disposition of Carpenter's argument

under *Dean* renders moot his argument that we should remand for resentencing in

light of the First Step Act Pub. L. No. 115-391, 132 Stat. 5194 (2018).").

(Appendix J: Opinion, COA 14-1572 Doc. 84-2, 12/19/19).

### C      Resentencing – February 11, 2022

This Court re-sentenced Carpenter on February 11, 2022. (D. Ct. Case No.

14-1572, R610: Judgment, Pg ID 1600-05). Carpenter asked this Court to apply

the First Step Act because his sentences had been vacated and void. (R600:

Resentencing Memo, Pg ID 5586); (R616: TR 2/11/22, Pg ID 5767). This Court

disagreed and imposed  the same custodial term it imposed eight years earlier,

1,395 months or 116.25 years. (Id, Pg ID 5776-79; R336: TR 4/16/14, Sentencing,

Pg ID 3346-48). Its reasons included seriousness of offense conduct, Carpenter's

role as a leader or organizer, and the "terror" caused to the victims. (R616: TR

2/11/22, Resentencing, Pg ID 5774).

### D.    Sentencing Appeal - Sixth Circuit and Supreme Court - 2023

Carpenter appealed. After briefing, the Sixth Circuit affirmed. *United States*

*v. Carpenter*, COA 22-1198; 2023 WL 3200321, May 2, 2023. It ruled that the

Court's earlier decision in *United States v. Jackson*, *supra*, controlled and dictated

that "§403 of the First Step Act did not apply to Carpenter's resentencing", *Id* at

*2, although expressing concern that the import of *Jackson*, to require mandatory

and consecutive 25 year terms, worked at "cross-purposes" with the parsimony

provision of 18 USC §3553(a).[2]

Carpenter petitioned for rehearing en banc on June 5, 2023. (Appendix H:

COA No. 22-1198, Doc. 30). The Government's Response explained that as of

that date, it had switched positions on Carpenter's issue. It advised that in its view,

---

[2] "Yet one can argue that, in this case, Congress's sentencing provisions are working at cross-purposes. Here, the pre-Act version of §924(c) mandated a minimum sentence of 105 years' imprisonment; whereas 18 USC §3553(a) separately mandates that the court "impose a sentence sufficient, but not greater than necessary, to comply with " the purposes of sentencing. The latter mandate rings hollow here; perhaps Congress will eventually see fit to revisit retroactive application of the First Step Act's amendment to §924(c)(1)(C).”; *Id* at *2; Kethledge, J.

"the best reading of Section 403 is that the amended penalties apply at any sentencing (including resentencing) that takes place after the Act's effective date."[3] The Court, however, denied rehearing en banc on September 18, 2023. Three judges concurred. Six judges dissented. The Sixth Circuit's mandate issued on September 27, 2023. *United States v Carpenter*, 80 F4th 790 (6th Cir, 2023).

According to Judge Kethledge, joined by Judges Sutton, Thapar and Bush, Carpenter's extreme 116 year sentence is the fault of Congress imposing 25 year mandatory minimums. ("Carpenter's sentence was extreme by any measure", . . . and, "illustrates the importance of dividing government power among three branches: for if the power to determine his sentence had not been consolidated in only two -– Congress and the executive -– the sentence here would never have been imposed.") *Id.* at 793.

Judge Griffin, joined by Judges Moore and Stranch, dissented. He explained that the Court's decision in *Jackson*, relied on to deny relief to Carpenter, was wrongly decided and that en banc review should be granted in Carpenter's case because it "involves a question of exceptional importance." *Id*.

Also voting to grant review, Judge Bloomekatz emphasized that Carpenter's case "warrants the full court's consideration," *Id.* at 796, because the Sixth Circuit

---

[3] Appendix A: United States' Response to Defendant-Appellant's Petition For Rehearing En Banc, Case No. 22-1198, at Page 6.

split from "all our sister circuits to have reached the question" (FSA retroactivity),

and because "not to apply the Act could frustrate the basic federal sentencing

requirement that sentences be 'be sufficient but not greater than necessary, to

comply with 'the purposes of sentencing." *Id*. According to Judge Bloomekatz,

"[t]he real human costs" of Carpenter's sentence ("his sentence is *eighty* years

longer than it would be if he had been resentenced in the seventeen states that

comprise the Third, Fourth, and Ninth Circuits. . . .) and *its  resulting disparity*,

"should give us pause enough to consider the decision as a full court." *Id*. at 797.

(emphasis added).

Carpenter petitioned for a Writ of Certiorari on November 15, 2023.

(Appendix B). He argued that a defendant sentenced before the First Step Act's

effective date, but whose sentence is vacated afterwards, should be sentenced

under the penalties amended by the First Step Act.[4] The United States again agreed

with Carpenter "that the decision below was incorrect," but it opposed granting

certiorari because the issue at that point had not yet been sufficiently developed in

---

[4] Carpenter's issue presented to the Supreme Court was: "Do the sentencing reforms in Section 403 of the First Step Act apply when a district court sentences an individual whose offense was committed before the Act's effective date but whose initial sentence was vacated afterwards." Petition for Writ of Certiorari, *Carpenter v United States*, No.  23-531; Appendix B, at 2.

the lower courts for Supreme Court review.[5] Carpenter's Petition for Certiorari was denied on February 20, 2024.

Shortly thereafter, the Supreme Court granted certiorari on the same issue on July 2, 2024, in *Hewitt* v. *United States*, Case No. 23-1002, and *Duffey v. United States,* Case No. 23-1150.[6] The Government agreed with *Hewitt* that the First Step Act should apply on resentencing after vacatur.[7] Oral argument was held in *Hewitt* on January 13, 2025.  A decision is expected by June 2025.

On March 19, 2024 Carpenter moved in the Sixth Circuit to recall its mandate in his case to enable him to ask the Court of Appeals for relief from its judgment in his case after a decision by the Supreme Court in *Hewitt*.[8] Carpenter has provided updates to the Court on the status of *Hewitt*. The Sixth Circuit has

---

[5]  Appendix C: *Carpenter v United States,* No. 23-531, Brief For The United States In Opposition, at 8.

[6]  The issue presented in *Hewitt*, like the issue in *Carpenter*, focuses on application of the FSA when the defendant is resentenced after enactment and after his original sentence is vacated: " Whether the First Step Act's sentencing reduction provisions apply to a defendant originally sentenced before the FSA's enactment when that original sentence is judicially vacated and the defendant is resentenced to a new term of imprisonment after the FSA's enactment. Appendix D: *Hewitt v. United States*, Case No. 23-1002, Petition for Writ of Certiorari..

[7]  Appendix E:  *Hewitt v. United States*, Case No 23-1002,  Response of the United States in Support of Petitioner.

[8]  Appendix F: Motion for Order to Recall Mandate, *United States v. Carpenter,* No. 22-1198, Doc 39.

not acted on Carpenter's motion, suggesting that it is effectively in abeyance

pending the outcome in *Hewitt*.

**ARGUMENT**

I. **DEFENDANT CARPENTER ASKS FOR RELIEF FROM HIS 2022 SENTENCE BECAUSE THE FIRST STEP ACT SHOULD HAVE APPLIED AND REDUCED HIS MANDATORY MINIMUM SENTENCE BY 80 YEARS.**

The First Step Act, *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018), was

enacted on December 21, 2018 while Defendant Carpenter's case was before the

Court of Appeals on remand from the Supreme Court. As relevant here, the Act

amended §924(c) to mandate a minimum (and consecutive) sentence of 25 years

for violation of §924(c) *only* when a §924(c) conviction occurs "after a prior

conviction under this subsection has become final." *See*, First Step Act §403(a).

That amendment, if applied in Carpenter's case, would reduce his mandatory-

minimum sentence on his §924(c) convictions by 80 years (from 105 years to 25).[9]

Although the Court of Appeals affirmed Carpenter's 2022 sentence and

denied rehearing en banc, *United States v. Carpenter*, 80 F4th 790 (6th Cir. 2023),

the Supreme Court has heard argument on the same issue in *Hewitt v. United

States*, Case No. 23-1002, and an opinion resolving a circuit split is expected by

June 2025.Carpenter requests this Court delay decision on this issue until then.

---

[9] Appendix G: Opinion at 2, *United States v. Carpenter,* Sixth Circuit Case
No. 22-1198, 5/2/23.

-11-

Carpenter has made the same arguments presented in *Hewitt*. He argued in his appeal to the Sixth Circuit that the First Step Act should have applied at his resentencing because he did not have a valid sentence at the time the Act was passed and that his sentence was void and null when vacated.[10] He argued the Court should have granted review of its decision in *United States v. Jackson,* 995 F3d 522 (6th Cir.2021), holding that a vacated sentence counts for purposes determining a defendant's eligibility under the Act because it was previously imposed, even if later vacated. (Appendix H, Doc. 30). Carpenter also explained the Government's agreement that the FSA should apply at a resentencing for Carpenter.[11]

Carpenter's petition also explained that his issue is important because the "real human costs" – the consequences and liberty interests at stake for defendants like Carpenter, whose sentences have been vacated after the FSA, and those who seek relief from a prior sentence pursuant to Section 2255, are enormous.

---

[10]   Appendix H: Petition for En Banc Review, *United States v. Carpenter*, Sixth Circuit Case No 22-1198.

[11] Appendix H, at 8; *See also*, Appendix A: Document 34, United States Response to Defendant-Appellant's Petition For Rehearing En Banc, at 1 (p. 6)("In light of those decisions, the government reexamined its position and now contends that the best reading of Section 403 is that the amended penalties apply at any sentencing(including a resentencing) that takes place after the Act's effective date. Accordingly, a defendant like Carpenter should receive the benefit of the Acts' reduced penalties.")

(Appendix H, p. 14.)

The Court of Appeals' Order denying banc review accounted for all of these. It explained both why the Court rejected Carpenter's arguments and why six judges of the Court thought Carpenter's case merited full court review. *United States v. Carpenter*, 80 F4th 790 (6th Cir 2023). Judge Kethledge, concurring in the order, relied on rules of statutory interpretation: the clear statement rule; grammatical analysis; and, the ordinary meaning of the words. He concluded that Congress drew a line excluding those who had already been sentenced from benefits of the Act. 80 F4th at 793. Judge Griffin, on the other hand, explained why he thought *Jackson* was wrongly decided. He relied on interpretative tools, similar to those discussed by Judge Kethledge, to conclude the Act should apply in Carpenter's case. *Id.* at 794.

In his Petition for Writ of Certiorari, Carpenter argued that not only was there a square and entrenched conflict over whether the First Sep Act applies in this situation and that the issue is important, he argued that the Sixth Circuit construction of the Act is incorrect; and, that construing the statute to apply for Carpenter comports with the language and history of the statute.[12]

The Supreme Court's decision in *Hewitt* will be important to the issue now

---

[12] Appendix B: Petition for Writ of Certiorari of Petitioner Timothy Ivory Carpenter, Supreme Court Case No. 23-531, at 2.

raised by Carpenter, because it presents the question raised by Carpenter. The

question presented in Carpenter's petition for certiorari is:

> Do the sentencing reforms in Section 403 of the First Step
> Act apply when a district court sentences an individual
> whose offense was committed before the Act's effective
> date but whose initial sentence was vacated afterwards?

(Appendix B, at 2)

The question presented in *Hewitt* is:

> Whether the First Step Act's sentencing reduction
> provisions apply to a defendant originally sentences before
> the FSA's enactment when that sentence is judicially
> vacated and the defendant is resentenced to a new term of
> imprisonment after the FSA's enactment?

(Appendix D, at 2).

The factual background in *Hewitt* is also similar to *Carpenter*. In *Hewitt*,

defendants were convicted of bank robbery and firearms charges in 2008 and

sentenced to 355 year. Most of their sentences were attributable to stacked §924(c)

counts. Hewitt's sentence was vacated following the decision in *Davis v. United

States*, 588 US at 448, holding that conspiracy-based charges no longer support

convictions under §924(c). At Hewitt's *de novo* resentencing, the court rejected

Hewitt's and the Government's arguments that the FSA should apply. It sentenced

Hewitt to 165 years, including 105 years for stacked §924(c) counts. The Fifth

Circuit affirmed. It held that vacatur has no effect on the outcome of the case. *Id.*

at 11.

*Hewitt's* Brief (Appendix D, p.12) argues, as has Carpenter to this Court and on appeal, that Section 403(b) of the FSA applies for a defendant who committed an offense and was sentenced pre-enactment, but whose sentence was vacated, requiring a *de novo* post-enactment resentencing. (Id. at 12). *Hewitt* argued in the Supreme Court, as does Carpenter here, that a vacated sentence is a nullity. *Hewitt's* arguments, like Carpenter's are supported by discussion of "common English usage," (Id. at 13), and the rule of lenity as applied to statutes that define criminal liability. (Id. at 15).

It is expected the Supreme Court decision in *Hewitt* will resolve these issues and Carpenter's argument to this Court that *Jackson* was wrongly decided, that his 2022 sentence should be vacated and that he should be resentenced. It is for those reasons, that he requests this Court to delay decision on this issue until after the Supreme Court issues its decision in *Hewitt.*

## II. THE COURT OF APPEALS' DELAY OF ALMOST TWELVE MONTH ON REMAND FROM THE SUPREME COURT IN CARPENTER'S 2014 APPEAL IS A VIOLATION OF HIS RIGHT TO DUE PROCESS AND REASON TO VACATE HIS SENTENCE IMPOSED AFTER THE DELAY.

The Court of Appeals has recognized that Due Process protects a defendant's expectation of "a reasonably timely appeal." *United States v. Smith*, 94 F3d 204 (6th Cir 1996)("[A]n appeal that is inordinately delayed is as much a

'meaningless ritual' as an appeal that is adjudicated without the benefit of effective counsel or a transcript of the trial court proceedings.") *Id*. at 206, citing *Harris v. Champion*, 15 F3d 1538, 1558 (10th Cir 1994). The Court in *Smith* adopted the four factor *Barker v Wingo* test for evaluating evidence of appeal delay[13], considering: (1) length of delay; (2) reasons for delay; (3) assertion of the defendant's right; and, (4) prejudice. *Id* at 207. According to *Smith*, no one factor is alone necessary or sufficient, but requires a "difficult and sensitive balancing." *Id.* In that mix, the length of delay serves double duty, both to trigger evaluation and then in balance with other criteria. Reasonableness of delay then is to be evaluated on a case by case basis. Of course, as the Court explained in *Barker*, the ultimate responsibility for the circumstances "must rest with the government rather than with the defendant." 407 US at 531.

In Carpenter's case, the Court of Appeals' delay of almost one year after it was returned from the Supreme Court, from July 24, 2018, until June 11, 2019, before it issued its Opinion affirming Carpenter's conviction, was unreasonable. It prejudiced Carpenter, because had the Court acted reasonably promptly and vacated his sentences earlier, he would have been without a sentence at the date of the Act's passage and eligible for relief, even under the First Step Act analysis in

---

[13] *Barker v. Wingo*, 407 US 514 (1972), adopting a four factor test for evaluating evidence of trial delay.

*Jackson*.

During the Court of Appeal's unexplained hiatus after Supreme Court remand, Congress enacted the First Step Act on December 21, 2018. Because of its delay, the Sixth Circuit issued its Opinion vacating Carpenter's sentences and remanding after that, on December 19, 2019.[14] At Carpenter's resentencing, this Court denied his request to apply the newly enacted terms of the Act, accepting the Government's arguments that Carpenter had an imposed sentence as of the date of enactment for the FSA and relying on *Jackson*, *supra.* Had the Court of Appeals acted in a reasonably prompt manner and vacated Carpenter's sentence before the date of enactment, Carpenter would not have had an imposed sentence and those predicates for denying application of the FSA would not have existed.

There is no particular reason for the nearly twelve month Court of Appeals delay evident from the record of Carpenter's appeal after remand from the Supreme Court. There was no adversarial proceeding on remand after the Supreme Court's mandate was filed. The Court of Appeals did not ask for any further briefing from the parties. The Court's ultimate decision to affirm, authored by Judge Stranch, did little more than summarize the procedural history of Carpenter's case  and rely on  non-controversial "good faith" precedent to affirm.

---

[14]  Appendix J:, Doc 84, Opinion Remanding, December 19, 2019

*United States v. Leon*, 468 US 897, 905 (1984); *Illinois v. Krull*, 480 US 340, 352 (1987); and *United States v. Frazier*, 423 F3d 526, 533 (6th Cir 2005). In fact, Judge Stranch had spelled out the same good-faith rationale to affirm in some detail in her concurrence to the Court's initial opinion affirming issued on June 29, 2016. *United States v. Carpenter*, 819 F3d 880, 893-895 (6th Cir. 2016)(Stranch, J., concurring), rev'd on other grounds. That was the Court's road map for its decision, if not the content of its 2019 Opinion affirming Carpenter's conviction after remand. *Carpenter*, 926 F3d 313 (6th Cir 2019). It had been completed over two years earlier and was waiting for the Court when the Supreme Court decision was announced in June 2018. *See, Carpenter*, 819 F3d at 893.  In *Doggett v. United States*, 505 US 647, 651 (1992), the Court observed trial delays under the Sixth Amendment approaching one year can be enough to trigger a *Barker* analysis. Here, the Court's delay in issuing an opinion on appeal, without any need for briefing or argument from counsel, approaching one year, and balanced with other factors, qualifies as a denial of Due Process. And, there is real evidence of prejudice.

Delay impaired Carpenter's "defenses in the event of resentencing." *Smith*, 94 F3d at 208. Carpenter stood in a different position at resentencing because of the delay than he would have if the Court of Appeals had acted promptly. He had

an imposed sentence when the Act was passed on December 21, 2018. After

vacatur, he did not. Vacatur before the passage of the FSA would have qualified

him for its application and a dramatically reduced his sentence under the Act's

terms. This is prejudice sufficient to tip the scales of a *Barker* analysis in his favor

and is reason to grant relief now.

**III.   CARPENTER'S 1,395 MONTH SENTENCE, AFTER HIS ORIGINAL SENTENCE WAS VACATED, AND AFTER THE PASSAGE OF THE FIRST STEP ACT, VIOLATES THE EIGHTH AMENDMENT AND IS REASON TO VACATE CARPENTER'S SENTENCE.**

Carpenter's 1,395 months, reimposed on February 11, 2022, after his

original sentence was vacated on December 19, 2019 and particularly after

passage of the First Step Act on December 21, 2018, reflecting Congress's sense

that the prior mandatory terms of §924(c) were draconian, is "grossly

disproportionate" to his convictions and is cruel and unusual punishment in

violation of the 8th Amendment. *Harmelin v. Michigan*, 501 US 957 (1991);

*United States v. Blewitt*, 746 F3d 647, 660 (6th Cir.2013)(en banc). The evolution

of Supreme Court Eighth Amendment precedent supports this conclusion, as do

the facts of the present case.

In *Rummel v. Estelle*, 445 US 263 (1980), the court upheld the

constitutionality of a mandatory life sentence with the possibility of parole after 12

years. The court rejected the absence of violence in the crime being punished as

the determinative factor of proportionality. Then in *Solem v. Helm*, 463 US 277 (1983), the court held that a non-capital sentence imposed on an adult was constitutionally disproportionate when the defendant was sentenced to life imprisonment without parole for writing a check for $100 with no account, the latest of a string of minor offenses. The Supreme Court held that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." That inquiry should be guided by objective factors such as the gravity of the offense and the severity of the punishment. *Id*. at 290-92. The court found it helpful to compare sentences imposed on other criminals in the same jurisdiction, as well as other jurisdictions. The difference between non-violent and violent crimes and negligent and intentional conduct were relevant inquiries. Subsequently, in *Harmelin v. Michigan*, 501 US 957 (1991), the court found that a mandatory life sentence without parole was not constitutionally disproportionate for the crime of possession of 672 grams of cocaine. Justice Kennedy's plurality opinion has been considered the "controlling" opinion on proportionality. See *Graham v. Florida*, 560 US 1 (2010). While recognizing that the cruel and unusual punishment clause does apply to non-capital sentences, the court acknowledged that the "precise contours are unclear." The Sixth Circuit applies the "grossly disproportionate" test articulated by Justice Kennedy in *Harmelin*

when reviewing an Eighth Amendment challenge in a non-capital case. *United States v. Blewitt*, 746 F3d 647, 660 (6th Cir. 2013)(en banc).

More recently, courts have been encouraged to refer to "the evolving standards of decency that mark the progress of a maturing society" to determine whether a mandatory minimum sentence is disproportionate as to violate the Eighth Amendment. See, *Miller v. Alabama*, 132 S Ct 2455 (2012)(mandatory life sentence without parole for youth constitutes cruel and unusual punishment in violation of Eighth Amendment); *Roper v. Simmons*, 543 US 551 (2005) (holding the Eighth Amendment is violated when capital punishment is imposed for crimes committed by persons under 18 years of age); *Kennedy v. Louisiana*, 554 US 407 (2008) (Eighth Amendment prohibits death penalty for rape of child where there was no death involved).

Judge Kethledge articulated these concerns in Carpenter's case, even as he concluded circuit precedent required him to follow *Jackson*:

> . . . Carpenter's sentence was extreme by any measure. His sentence was largely dictated by mandatory minimums, which means the judiciary was largely denied any role in determining it. Carpenter's case therefore illustrates the importance of dividing government power among three branches: for if the power to determine his sentence had not been consolidated in only two – Congress and the executive – the sentence here would never have been imposed.

*United States v Carpenter,* 80 F4th 790, 793 (6th Cir 2023)(Kethledge, J.,

concurring in denial of rehearing en banc).

Although the Sixth Circuit denied Carpenter's petition for en banc review,

six judges of the Court (Judges Moore, Stranch, Bloomekatz, Clay, Griffin and

Mathis), similarly expressed views that mandatory consecutive sentences in a case

like Carpenter's, where his prior §924(c) sentence was vacated and void, was

wrong and presented concerns of "sentencing disparity . . . [that] should give us

pause enough to consider the decision as a full court." *Id.*

Significantly, in this regard, the Government Response to Carpenter's

Petition for En Banc review took a similar approach, one divergent from its

advocacy for a stacked *de facto* life sentence at Carpenter's sentencing in 2014:

> In light of those decisions [other circuits disagreeing with
> *Jackson*], the government reexamined its position and now
> contends that the best reading of Section 403 is that the
> amended penalties apply at any sentencing (including
> resentencing) that takes place after the Act's effective date.
> Accordingly, a defendant like Carpenter should receive the
> benefit of the Act's reduced penalties.[15]

Perhaps even more compelling as a reason that Defendant Carpenter's  116

year sentence imposed in 2022 is cruel and unusual punishment prohibited by the

Eighth Amendment, is the penological judgment of Congress when enacting the

---

[15] Appendix A: Response to Petition for En Banc Review, *United States v.
Carpenter,* Case No. 22-1198

FSA that mandatory stacked sentences should only apply to those who are truly recidivists. *United States v. Gatewood*, 807 Fed App 459, 463 (6th Cir. 2000); *Rummel v. Estelle*, 445 US 263, 275-76 (1980); *Harmelin v. Michigan* 501 US 957, 999 (1991)(Kennedy, J., concurring).

According to the Act's sponsors in the Senate, the Act's text, purpose, and underlying Congressional intent, support the view that the Act was intended to apply on resentencing after vacatur, as in Carpenter's case. ("Section 403 allows pre-Act offenders whose sentences are vacated to benefit from the Act's ameliorative provisions at resentencing.")[16]

The Act's supporters were part of an "extraordinary political coalition." 164 Cong. Rec. S7639, S7645 (daily ed. Dec. 17, 2018)(statement of Sen. Durbin). The fruit of the supporting political coalition was "the most significant criminal justice reform bill in a generation." 164 Cong. Rec. at S7649 (statement of Sen. Grassley). Senator Cardin explained that Section 403 was key to the reforms because it "eliminate[d] the so-called stacking provisions of the U.S. Code . . [to] ensure that sentencing enhancements for repeat offenses apply only to true repeat offenders." *Id.* President Trump added that reform of sentencing laws was "a true first step in creating a fairer justice system." *President Donald J. Trump Calls on Congress to*

---

[16]   Appendix I: Brief of Senators Durbin, Grassley, Booker and Lee As Amici Curiae, *Hewitt v. United States,* No. 23-1002, excerpt at 1-8.

-23-

*Pass the FIRST STEP Act,* White House. Gov (Nov. 14, 2018,

https://www.whitehouse.gov.briefings-statement/president-donald-j-trump-calls-

congress-pass-first- step-act/.

The Sentencing Commission and Judicial Conference's Criminal Law

Committee supported the legislation. Chief Judge Julie E. Carnes of the Eleventh

Circuit testified on behalf of the Criminal Law Committee of the Judicial

Conference of the United States explaining that the prior sentence mandatory

consecutive term existing in  Section 924(c) before the FSA "is so draconian that

the Conference has taken a specific position against it.

More recently, courts have been encouraged to refer to "the evolving

standards of decency that mark the progress of a maturing society" to determine

whether a mandatory minimum sentence is disproportionate as to violate the

Eighth Amendment. See, *Miller v. Alabama*, 132 S Ct 2455 (2012)(mandatory life

sentence without parole for youth constitutes cruel and unusual punishment in

violation of Eighth Amendment); *Roper v. Simmons*, 543 US 551 (2005). The

legislative record of the FSA on which Congress relied demonstrates application

of such standards. *See,* Appendix I: Brief of Senators as *Amici* in *Hewitt*, at 5-9.

In the present case, when viewing the seriousness of Carpenter's

convictions, his 116 year sentence, and the breathtaking reform of mandatory

sentencing by the First Step Act, it should be concluded that his sentence is excessive and disproportionate under the Eighth Amendment and should be vacated.

**CONCLUSION**

For all of these reasons, Carpenter respectfully requests this Court to vacate his 1,395 month sentence imposed on February 11, 2022, based in large part on the mandatory minimum and consecutive 25 year sentences under §924(c), and order resentencing.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

By:    s/Harold Gurewitz
       Harold Gurewitz (P14468)
       Attorney for Defendant Carpenter
       333W. Fort Street, Suite 1400
       Detroit, MI 48226
       (313) 628-4733

DATE: February 19, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 19, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

> s/Harold Gurewitz (P14468)
> Gurewitz & Raben, PLC
> 333 W. Fort Street, Suite 1400
> Detroit, MI 48226
> (313) 628-4733
> Email: hgurewitz@grplc.com