UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　PLAINTIFF-RESPONDENT<br>V.<br><br>TIMOTHY I. CARPENTER<br>　　　DEFENDANT-PETITIONER. | HON. JONATHAN J.C. GREY<br><br>CASE #: 12-20218-04 |
| Blake Hatlem, AUSA<br>United States Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226 | Harold Gurewitz (P14468)<br>Attorney for Petitioner Carpenter<br>Gurewitz & Raben, PLC<br>333 W. Fort Street, Suite 1400<br>Detroit, MI 48226<br>(313) 628-4733 |

**STIPULATION OF FACTS AND LAW AND REQUEST TO GRANT CARPENTER'S MOTION PURSUANT TO 28 USC §2255 AND ORDER RESENTENCING**

　　The parties, by their counsel, stipulate and agree to the statements of fact and law set forth below; and, based on those, they stipulate that this Court grant Carpenter's motion to vacate, set aside, or correct his sentence pursuant to 28 USC §2255 and establish a schedule for resentencing.

　　For their reasons, they stipulate and agree as follows:

1.　　Carpenter was sentenced on April 16, 2014 to a total term of 1,395 months custody after conviction at a jury trial. His sentence included 135 months for six Hobbs Act counts ordered to run concurrently to each other and 1,260 months for five violations of 18 USC §924(c), sixty months for the first and 300 months, or 25 years, for each of the others to run consecutively to each

      other and to the sentence for the Hobbs Act convictions. (ECF 301: Judgment, Pg ID 1600-05).

2.     Carpenter was resentenced on February 11, 2022 after his sentence was vacated by the Sixth Circuit Court of Appeals. (Sixth Circuit Case No. 14-1672, Doc. 84). At resentencing, Carpenter asked the District Court to apply the First Step Act, 132 Stat.5194, at his resentencing. (ECF 616: Defendant's Resentencing Memo, Pg ID 5586; ECF 616: TR 2/11/22, Resentencing, Pg ID 5767). The District Court rejected Carpenter's request to apply the First Step Act and resentenced Carpenter to the same 1,395 month sentence imposed in 2014, including 1,260 months for violations of §924(c).

3.     Carpenter appealed from his re-sentencing. Sixth Circuit Case No. 22-1198.

4.     The Court of Appeals affirmed based on *United States v. Jackson*, 995 F3d 522 (6th Cir. 2021). *Carpenter*, 2023 WL 3200321, 5/2/23.

5.     Carpenter asked for rehearing en banc. Case No. 22-1198, Doc. 30. He argued that the Panel decision on his appeal conflicts with three other circuits on application of the First Step Act and rejects the Government view that the First Step Act should apply on the facts of his case. The Government's Response advised the Court that "the best reading of Section 403 is that the amended penalties apply at any sentencing (including

resentencing) that takes place after the Act's effective date." (6th Cir Doc. 34, 8/7/23).

6. The Sixth Circuit denied en banc review on September 18, 2023. (6th Cir Doc. 35).

7. Carpenter filed a Petition for Writ of Certiorari on November 15, 2023, Case No. 23-531. The question he presented is:

> Do the sentencing reforms in Section 403 of the First Step Act apply when a district court sentences an individual whose offense was committed before the Act's effective date but whose initial sentence was vacated afterwards?

*Carpenter v. United States*, No. 23-531, Petition for Writ of Certiorari.

8. The Supreme Court denied Carpenter's Petition on February 20, 2024.

9. On July 2, 2024, the Supreme Court granted petitions for writs of certiorari in cases from the Fifth Circuit, *Hewitt v. United States,* Case No. 23-1002 and *Duffey v. United States*, 23-1150. Those petitions presented an issue similar to Carpenter's. The question presented in *Hewitt* and *Duffey* is:

> Whether the First Step Act's sentencing reduction provisions apply to a defendant originally sentenced before the FSA's enactment when that original sentence is judicially vacated and the defendant is resentenced to a term of imprisonment after the FSA's enactment.

10. In *Hewitt*, the Government filed a response on September 16, 2024 agreeing with Hewitt that Section 403 of the First Step Act applies at a post-Act resentencing following the vacatur of a pre-Act sentence.

11. Carpenter filed a motion in the Sixth Circuit to recall the mandate in his case after the defendant in *Jackson* filed a motion for en banc review presenting the same issue as Carpenter had concerning application of the First Step Act. He supplemented his motion with advice to the Court that the Supreme Court granted certiorari petitions in *Hewitt* and *Duffey*. His motion asked to recall the mandate in his case on a favorable outcome on those petitions. He asked the Court to hold his recall motion in abeyance pending the outcome of *Hewitt*. The Government did not oppose Carpenter's motion for abeyance and the motion remains pending. The Parties recently advised the Sixth Circuit on the abeyance motion, after the Supreme Court decision in *Hewitt*, that they would ask this Court to grant Carpenter's §2255, potentially rendering the Motion to Recall the Mandate moot if this Court grants relief. (6th Cir #22-1198, Doc 54).

12. Carpenter also filed his motion and brief in this Court in the pending motion pursuant to 28 USC §2255 after the Supreme Court granted certiorari in *Hewitt*. (ECF 721 and ECF 722, 2/19/25). His motion asks this Court to vacate his sentence for all the reasons he has raised on appeal and those

presented to the Supreme Court in *Hewitt* and *Duffey*. The Government agreed Carpenter's habeas motion should be held in abeyance in this Court pending the Supreme Court decision in *Hewitt.*

13. On June 26, 2025, the Supreme Court issued its opinion in *Hewitt*. It resolved the circuit split and held, contrary to the Sixth Circuit's decision in *Jackson, supra,* that:

> Under the interpretation of §403(b) we adopt today, all first-time §924(c) offenders who appear for sentencing after the First Step Act's enactment date – including those whose previous §924(c) sentences have been vacated and who thus need to be resentenced – are subject to the Act's revised penalties. The Fifth Circuit's contrary reading of §403(b) is reversed, and its judgment in this cases is remanded for further proceedings.

*Hewitt v. United States*, 605 US __, 145 S Ct 2165, 2179 (2025).

14. Now that the Supreme Court has issued its decision in *Hewitt*, the Government joins Defendant Carpenter in this Stipulation to ask this Court to vacate Carpenter's sentence and to establish a schedule in his case for resentencing. The Parties agree, based on *Hewitt,* that Carpenter's sentence should be vacated and that he is eligible for relief on his motion pursuant to 28 USC § 2255.

For all of these reasons, Plaintiff and Defendant jointly request this Court to grant Defendant Carpenter's motion, vacate his sentence and schedule resentencing.

Respectfully submitted,

/s/ Harold Gurewitz
Harold Gurewitz
Gurewitz & Raben PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
Email: hgurewitz@grplc.com

/s/ Blake Hatlem w/permission
Blake Hatlem, AUSA
US Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Email: Blake.Hatlem@usdoj.gov